## WILLIAM M. KILGOUR *et al.*

*v.*

## JOHN B. CRAWFORD *et ux.*

1. PRACTICE IN CHANCERY—*what is compliance with a rule to answer.* Under a general rule to answer by a certain day in term, a plea, answer or demurrer may be filed.

2. SAME—*of a rule expiring in vacation.* But it may well be doubted, whether it should be so held as to long rules expiring in vacation.

3. PARTITION—*decree must declare the rights and interests of the parties.* In a suit for partition of lands, the bill stated that the premises were subject to a certain mortgage, executed to one of the defendants, and the answer of such mortgagor defendant also set up the mortgage; but on the hearing, neither the mortgage was put in evidence, nor any proof offered in regard to it, and in the decrees of partition and sale, which were subsequently entered, the court failed to make any mention of it: *Held*, that this was error; that the court should have passed upon the mortgage, in such manner

as to have clearly defined the interest which would be acquired by a purchaser at the sale.

4. Under such circumstances, a proper course would have been, to decree a sale of the premises discharged from the mortgage, and that the proceeds be brought into court. The court could then have entered a rule, directing the money to be paid over, as provided in the decree, should the mortgagor defendant fail, by a certain time, to make proof of the same, and the amount due thereon.

5. In suits of this character, the statute not only requires all persons having either a present or contingent interest, to be made parties, but further requires the court, in its decree, to declare the rights and interests of all the parties.

6. SAME—*counsel fees—when to be taxed as costs.* The terms of the law of 1869, providing for the allowance of counsel fees, in proceedings for partition, are not mandatory, and the act should be construed as intending such taxation *only* in cases where the proceedings are amicable.

APPEAL from the Circuit Court of Whiteside county; the Hon. WM. W. HEATON, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. KILGOUR & MANAHAN and Mr. D. P. JONES, for the appellants.

Mr. J. E. McPHERRAN, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a proceeding in partition, commenced by John B. Crawford, and Nancy, his wife, against William M. Kilgour, Mary J. Kilgour and Elizabeth G. Kilgour, for the purpose of dividing forty acres of land.

The pleadings and proofs show that the complainant, Nancy Crawford, was entitled to one-fourth, the defendant William M. Kilgour, to one-fourth, and the defendant Elizabeth G. Gilgour, to one-half, the land having descended from one Ezekiel J. Kilgour, who was a son of said Elizabeth, and brother of said Nancy and William. The commissioners

reported the land incapable of division, the proof showing it to be a strip forty rods wide by one hundred and sixty in length, with a highway only along one end. The court pronounced a decree of sale, from which William M. Kilgour appealed.

At the return term of the writ, the defendants were ruled to file an answer in sixty days, the rule expiring in vacation. The defendants filed a demurrer, which, on motion of complainants, at the next term, was stricken from the files, and the defendants were ruled to answer. It is insisted, by appellants, that the court erred in this, the rule not requiring an answer to the merits, but merely that defendants file an answer, and it is urged that, under repeated decisions of this court, such a rule is met by filing a demurrer. This is undoubtedly so as to rules expiring in term. Whether it should be so held as to long rules expiring in vacation, and given as an indulgence to the defendants, may well be questioned. But it is unnecessary to pass upon that point, as a question of practice, since, in this case, an examination of the bill shows that it was substantially good. If the demurrer had been heard by the court, it should have been overruled, and the defendants were not prejudiced by striking it from the files.

It is also assigned for error, that the oath of the commissioners was not in the statutory form, as, in swearing to make partition of the premises, they leave out the words "in accordance with the judgment of the court." If the commissioners had made actual partition, there would have been more force in this objection, but as they did not, we do not see how this omission can have prejudiced any of the parties.

It is stated in the bill, that the premises were subject, of record, to a mortgage for $250, due June 1, 1858, executed by Ezekiel J. Kilgour, from whom the title descended, to the defendant, Elizabeth G. Kilgour. The answer of Elizabeth also sets up that a mortgage was given by her son to herself, but is obscure in its statements in regard to the mortgage, and not very consistent. On the hearing, she neither put the

mortgage in evidence, nor offered any proof of any kind in regard to it. The decrees, both of partition and of sale, are silent in regard to the mortgage, and it is now insisted that the court erred in not finding, either that it was satisfied and not a lien, or ascertaining the amount due, and directing whether the premises were to be sold subject to the lien or discharged therefrom. We think this error well assigned.

Although the statute of partitions provides that a sale shall operate as an effectual bar against the owners or proprietors, yet it is by no means clear that a sale under this decree would cut off this mortgage, if anything is due thereon. The bill does not aver the mortgage has been paid, nor ask that it be canceled, and if a claim should hereafter be made under it, it might be urged, with great force, that there is nothing in the record to show that the court had passed upon it and found it satisfied. It is not made an issue in the pleadings, upon which the court, by its finding, must be presumed to have passed.

In this uncertainty, it is evident the sale of the premises would be greatly injured. A person desirous of purchasing, would not know whether he bought subject to the mortgage or not. The statute not only requires all persons having either a present or contingent interest, to be made parties, but further requires the court, in its decree, to declare the rights and interests of all the parties. It is urged, by counsel for appellees, that Elizabeth G. Kilgour, if she claimed anything under the mortgage, should have put it in evidence, and have shown what amount was due thereon. That is true as to her, but the appellant, William M. Kilgour, had no control over the proof to be made by her, and as his property is to be sold, he has a right to insist that the court shall define what interest the purchaser will acquire. Only in that way can he receive a fair equivalent. As Elizabeth G. Kilgour produced no proof at the hearing, in regard to the mortgage, a proper course would have been, to decree a sale of the land, discharged from the mortgage, and that the money be brought into court. The court could then have entered a rule that the money be paid

over as directed in the present decree, unless Elizabeth G. Kilgour should, by a certain time, make proof of such mortgage, and the amount due thereon.

It is also assigned for error, that the court allowed $100 as fees to the counsel for complainants, and directed that sum to be taxed as costs, *pro rata*, against all the parties. This was done in pursuance of the act of 1869, page 368 of the session laws. The terms of that law are not mandatory. It merely provides that " it shall be lawful for the court to order that a reasonable fee be allowed," etc., the provision being restricted to proceedings in partition, and the assignment of dower. Where the proceedings are amicable, and the parties defendant do not deem it necessary to employ counsel to protect their interests, it is proper that the power given by this law should be exercised, as all the parties have the benefit of the partition. But where the defendants deem it necessary to employ counsel, in order to protect their interests, and secure a just partition, or an equitable assignment of dower, we can see no reason why they should be required not only to pay the fees of their own counsel, but also a part of the fees of adverse counsel. This is not done in other legal proceedings, in some of which it might be done with much more propriety; as when, for example, a defendant is resisting the payment of an honest debt. In these partition proceedings, the defendants have generally been guilty of no default or wrong. In many cases there are minor heirs or married women, which circumstance renders legal proceedings unavoidable, and even when there are not, the mere fact that the joint owners have not been able to agree upon a partition is no reason why the defendants should be made to pay the counsel of complainants. We are satisfied the act should be construed as intending the taxation of counsel fees only in cases where the proceedings are amicable.

The decree must be reversed and the cause remanded.

*Decree reversed.*