## CLARINDA LILLY *et al.*

*v.*

## AARON SHAW *et al.*

1. AMENDMENT *of decree in chancery—within what time it may be made.* Generally, after the lapse of the term at which a final decree is entered in a chancery proceeding, alterations or amendments thereto, upon motion, are not allowed.

2. The exceptions to this rule are substantially the same as in cases of judgments at law, and are confined to mere clerical errors, or of form, or in respect to matters quite of course.

3. SAME—*as to taxing attorney's fees as costs.* So, in a proceeding by bill in chancery for the assignment of dower in certain premises, and for partition thereof, after final decree, covering the entire subject matter of the suit, and the question of costs, determining the proportion each party was to pay, it was *held,* incompetent for the court, upon motion at a subsequent term, to so alter the decree as to make an allowance for the fees of counsel, authorized by the act of 1869 to be taxed as costs in suits for partition where the proceedings are amicable.

4. An order in such case for the payment of so large a sum of money, the fees allowed by the court amounting to $1200, without notice to the parties to be affected thereby, is void upon principles of natural justice, without reference to any other consideration.

5. Besides, the allowance not being made as costs taxed in the cause, as contemplated by the statute, but the solicitors, in whose favor it was made, being introduced as new parties into the record, upon mere motion, and the

sum allowed to them by name, the order, if allowed to stand, would entitle them to execution in their favor, and was, in that respect, irregular.

6. ATTORNEY'S FEES AS COSTS—*construction of act of* 1869. The act of 1869, being construed as intending the taxation of counsel fees in partition suits only in cases where the proceedings are amicable, does not apply to a suit begun as an amicable one but which afterwards develops into the ordinary case of adverse parties, at least so far as regards the services rendered after the suit partakes of such nature.

APPEAL from the Circuit Court of Richland county; the Hon. R. S. CANBY, Judge, presiding.

This was a proceeding in the Richland circuit court, for partition and assignment of dower. Malinda E. Crout and Sarah Chable being the only heirs at law, and Clarinda Lilly, the widow of Thomas W. Lilly, deceased, uniting with them as complainants, Josiah Crout, husband of said Malinda, and Henry Chable, husband of said Sarah, exhibited their bill at the May term, A. D. 1869, of said court, for the assignment of the dower of the widow and partition between the heirs at law of certain real estate of which Thomas W. Lilly died seized, and particularly described in the bill of complaint.

The parties were represented by Messrs. Shaw, Hayward & Kitchell, as their solicitors.

An interlocutory decree was entered, and commissioners appointed, who made their report at the same term; whereupon the parties assumed adverse positions, Malinda E. Crout and Josiah Crout, her husband, by Shaw, Hayward & Kitchell, excepting to the report, and Clarinda Lilly, Sarah Chable and Henry, her husband, appearing by Preston & Baker, their solicitors, in support of the commissioners' report.

The exceptions to the report were sustained by the court, and other commissioners appointed, who made their report at the same May term, to which the Crouts, by the same solicitors as before, filed exceptions, and the other parties, by their solicitors, contested the exceptions and sought to sustain the report; but the court sustained the exceptions, disaffirmed the report and made still another appointment of commissioners.

At the October term, 1869, the widow, having obtained leave for that purpose, filed her cross bill for the assignment of dower, by Preston, Baker & Wilson, her solicitors, which Malinda Crout, by her solicitors, moved to strike from the files, but the motion was overruled.

The commissioners last appointed having filed their report, it was confirmed by the court, and a final decree was rendered at the October term, 1869, setting off the widow's dower and making partition between the heirs at law, also decreeing that the commissioners should receive the sum of ten dollars each for their services, to be assessed as costs, and that each of the parties should pay one third of the costs of the proceedings.

On the 10th day of the October term, 1870, Shaw & Hayward, without any notice to either of the appellants, made a motion in the cause for an allowance of attorneys' fees, and the record states: "And it being shown by the evidence that the estate of Thomas W. Lilly was valued at $40,000, at least, an allowance of $1200 is allowed Aaron Shaw and Horace Hayward for fees, one sixth to be paid by the widow, and the remainder by the said Sarah Chable and Malinda E. Crout, in equal proportions, to wit: $500 each."

On the 11th day of the same term a motion was made on behalf of Clarinda Lilly and Sarah Chable, to set the order allowing attorneys' fees aside, which was granted, and on the same day the following entry was made: "And after evidence heard, the allowance and judgment of yesterday is affirmed;" whereupon the widow and Sarah Chable prayed an appeal to this court.

Mr. B. B. SMITH and Mr. M. SCHÆFFER, for the appellants.

Messrs. SHAW & HAYWARD, *pro se.* and Mr. W. B. COOPER, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a proceeding by bill, in the Richland circuit court, filed on behalf of appellants and Malinda E. Crout, as the

widow and heirs at law of Thomas W. Lilly, deceased, for the assignment of dower and partition. The suit was commenced as an amicable one, the parties in the first instance being all represented by Shaw, Hayward & Kitchell, solicitors. Soon after the first steps were taken in the cause, conflicting, adverse interests were developed, and appellants were required to employ solicitors for themselves. The initiative of hostilities was taken on behalf of Malinda Crout, one of the two heirs at law, with whom her husband was joined as a party, with whom also appellees and Kitchell took sides, and from thence to the final decree in the cause at the October term, 1869, exclusively represented them in opposition to appellants.

The decree at that term was final, covering the entire subject matter of the suit, the question of costs, determining the proportion each party was to pay. Upon the lapse of that term, the cause ceased to be pending.

At the October term, 1870, one term, at least, intervening, Shaw and Hayward, two of the three solicitors, who had, after the commencement of the suit, exclusively represented the interests of Malinda Crout and her husband, made an application to the court, upon motion, but without any notice to appellants, for an allowance of counsel fees to them, in the cause, which had gone to a final decree at the October term, 1869, upon which the court, as appears by the record, made the following order, viz: " And it being shown by the evidence that the estate of Thomas W. Lilly was valued at $40,000, at least, an allowance of $1200 is allowed Aaron Shaw and Horace Hayward for fees, one sixth to be paid by the widow, and the remainder by the said Sarah Chable and Malinda Crout, in equal proportions of $500 each. "

On the next day after its entry, a motion was made on behalf of appellants to set the order aside, and on the same day the following entry of record appears: " And after evidence heard, the allowance and judgment of yesterday is affirmed."

The questions arising upon this record, are, first, whether such an alteration of the decree at a subsequent term, upon motion, is allowable; and, second, whether the case was one within the purpose and intention of the statute of 1869, respecting the allowance of counsel fees in suits for partition.

It is a general rule, that when a decree is regularly obtained and enrolled, it can not be altered, except by bill of review. 2 Daniell's Ch. Pr. 1221, 1232; *Bennett* v. *Winter,* 2 Johns. Ch. 205; *Wiser* v. *Blakely,* id. 488; *Mead* v. *Armes,* 3 Vermont, 148; *Millspaugh* v. *McBride,* 7 Paige, 509; *Bramlette* v. *Picket,* 2 A. K. Marshall, 11.

The English practice of enrollment, which has substantially gone into disuse in that country, has never been adopted in this State, and the only effect of enrollment seems to have been that, before enrollment, the decree was not regarded as a record, was subject to be altered by the court itself, upon a rehearing; while a decree which had been enrolled, was not susceptible of alteration, except in a court of appeals, or by bill of review. But the courts of this country, where a practice obtains similar to ours, consider a decree as enrolled, or, in other words, as a complete record, when it is regularly entered, and the term at which it was so entered has elapsed. *Burch* v. *Scott,* 1 Bland, 120 S. C.; 1 Gill & Johns. 393; *Dexter* v. *Arnold,* 5 Mason, 303, 310; *Whiting* v. *Bank of United States,* 13 Peters, 6, 13.

The exceptions to the rule disallowing alterations or amendments of a decree after the lapse of the term, upon motion, are substantially the same as in cases of judgments at law, and are confined to mere clerical errors, or of form, or in respect to matters quite of course. 2 Dan. Ch. Pr. 1233. As to amendments of judgments, see *Coughran* v. *Gutcheus,* 18 Ill. 391; *United States Bank* v. *Moss,* 6 How. (U. S.) 31, and cases there cited.

It was no more allowable for the court, at a subsequent term, to alter the decree in respect to costs, than as to the partition of the property, or the measure of the widow's dower therein.

In *Coleman* v. *Surell,* 2 Cox, 206, Lord THURLOW would not allow a decree to be varied by giving costs to a defendant who was a mere trustee, and, as such, would have been entitled to them, if they had been asked for at the hearing.

In *Weston* v. *Haggerston,* Coop. Rep. 134, Lord ELDON held that, all errors on the face of the schedules could be rectified, even after enrollment, but that there could be no correction, except of such apparent errors; and he therefore held, that no affidavit introducing a new fact, after enrollment, could be permitted.

We are clearly of opinion, therefore, that it was not competent for the court to alter the decree of the October term, 1869, upon motion made at the October term, 1870 ; that such a practice would divest judgments and decrees of all sanctity ; that it is against public policy, because, if allowable, there could be no definite limit to litigation.

The order having been made for the payment by appellants of this large sum of money, without any notice to them, was void upon principles of natural justice, without reference to any other considerations.

But, aside from all other questions, the case was not within the purview of the statute of 1869. In *Kilgour* v. *Crawford,* 51 Ill. 250, it was held, that the act should be construed as intending the taxation of counsel fees only in cases where the proceedings are amicable. It does not affect the question, that this was begun as an amicable suit, when it immediately developed into the ordinary case of adverse parties. The court surely could not have intended to allow appellees, two of the three solicitors who filed the petition, the enormous sum of $1200 for merely filing the petition. If he did not, then the order is to compel appellants to pay for the services of counsel whose principal efforts were on behalf of the opposite party, and against them. It would be a novel addition to the *quantum meruit* count, for professional services, to go into our form books running thus : " For the work, labor and professional services of plaintiff, as an attorney at law, done and performed as such

attorney in a certain suit lately pending, etc., of A B against the said defendant, at the request of, for, and in behalf of the said A B."

The principle of such a count would be precisely the same as that of the allowance in question. It, no doubt, has happened that the services of attorneys at law, rendered upon the retainer of one party, were of great value to the opposite party. But it appears from the record that the services of appellees were not of that kind. They were evidently bestowed with zeal, ability and effect against appellants.

The statute in question was not designed as an instrument of injustice, or to throw the rights of parties into confusion. Why are appellees any more entitled to such an allowance than the solicitors for appellants? Then, what has become of Kitchell's right to compensation? Counsel say that he has since died, but appellees did not apply as survivors, or show that their rights were several, not joint, with those of Kitchell.

If appellees could rightfully have their allowance one year after the decree, the other solicitors may, two years after.

Besides the irregularities pointed out, there is still another. The $1200 allowance was not made as costs taxed in the cause, but appellees were introduced as new parties into the record, upon mere motion. That sum was allowed to them by name, and they would be entitled to execution in their favor, if the order were allowed to stand.

The order making such allowance must be reversed.

*Order reversed.*