Minshall, J.
The professional services for which an allowance was made by the circuit court to Mr. L. A. Russell, as an attorney in the case, were rendered under a written agreement by which he was employed by George L. Carlisle, the attorney at law, and in fact of Mrs. Young. The agreement, as will appear from an examination of it, was between himself and Mr. Carlisle — the latter having an agreement in writing between himself and Mrs. Young, by which he was, for his services, to receive a definite part, one-fourth, of the property recovered, for “representing her in all. matters relating in any way to the estate of Silas S. Stone and of his wife, Margaretta Stone, both deceased.” The entire services rendered by Mr. Russell under his employment by Car-lisle, aside from the partition of the estate, by proceedings for that purpose, were rendered in litigation between the children of a deceased and only brother of the whole blood of Silas S. Stone, deceased, and the brothers and sisters and representatives of those deceased, of his half-blood. Mrs. Young and her two brothers, Silas M. Stone, and Francis W. Stone, were the children of the deceased brother of the whole blood. Those of the half-blood claimed the right under the statute of descent and distribution to share equally with those of the whole blood. It was a controversy of much importance to these children: For if the *133 claim of the half-bloods prevailed, the interest of each in the estate would be reduced from one-sixth to a much smaller aliquot part. But it concerned no one in the partition proceedings except the parties to it. It was finally determined by this court, in favor of the children of the deceased brother of the whole blood of Silas S. Stone. Stone v. Doster, 50 Ohio St., 495.
Two questions are presented by the record, either of which is decisive of the case. (1), Whether, regard being- had to the character of the services, the court had power under section 5778, Revised Statutes, to make an allowance of any sum to the attorney for services in the litigation between the representatives of the whole blood and those of the half-blood, of Silas S. Stone, deceased; or (2), if so, had it power to make any allowance, when it appeared that the attorney and his clients had an express written agreement as to what his compensation should be for all services bo be rendered in the matter.
(1) The statute under which the allowance was made reads as follows:
‘ ‘The court having regard to the interest of the parties and the benefit each may derive from a partition, and according to equity, shall tax the costs and expenses which accrue in the action including reasonable counsel fees which shall be paid to plaintiff’s counsel unless the court award some part thereof to other counsel for services in the case for the common benefit of all parties ; and execution may issue therefor as in other cases.” Section 5778, Revised Statutes.
Now it is evident, we think, from the language of this section in connection with its history, that the services of “the plaintiff’s counsel” in parti *134 tion proceedings for which, the court may make an allowance and cause the same to be taxed along with “the costs and expenses which may accrue in the action,’’are such services as are rendered “for the common benefit of all parties” in the case. The statute as first enacted, 29 Laws. 254, section 16, simply included the costs and expenses- that may accrue in the action. These of course could not be otherwise than for the common benefit. It-was afterward, in 1880, so amended, as to include “a reasonable counsel fee” to be paid the plaintiff’s counsel, “unless the court award some part thereof to other counsel for services in the case for the common benefit- of all the parties.” The latter clause, “for the common benefit of all the parties,” is a controlling one in the construction of the statute. Services for which an allowance may be made to other counsel and taxed as part of the costs, are required to be of like character with the costs, expenses and the counsel fee authorized to be taxed in favor of the plaintiff’s counsel in the case. So that no counsel fee, whether to the plaintiff’s counsel or otherwise, can be allowed by the court and taxed as costs in the case, under this section, unless the services were rendered for the common benefit of all the parties. The services rendered are to be such as may be taxed as costs and expenses and apportioned to the parties .according to their respective interests. The allowance made in this case, and taxed to the one-sixth interest owned by Mrs. Young, her husband and •Carlisle, was not for such services. They in no way benefited or affected the next of kin of Mar■garetta Stone, deceased.
But it is claimed that the language, “The court having regard to the interest-of the parties and the *135 benefit each may derive from a partition, and according to equity,” conferred power on the court to make the allowance it did, and to charge it upon the interest of Mrs. Young, her husband and Mr. Carlisle, in the property as partitioned, as the equitable contribution they should make to the services rendered by Mr. Russell in defeating the claim made by the half-bloods. The statute does not warrant this construction. Without doubt the court may determine the proportion of the costs, expenses and counsel fees of the character above stated, that should be taxed to each party, regard being had to the interest of each in the subject of partition; but the costs, expenses and counsel fees so apportioned, must have been made for the common benefit of all the parties to the action, and must not include compensation for services rendered by counsel in litigation between some of the parties to the suit, and others who are adversaries in interest. Compensation for such services is a matter of agreement between the counsel and his clients, express or implied; and the court, in such ease, has no more power to fix the compensation the plaintiff should pay his counsel, than it has in an ordinary civil action. Such has been the construction placed by the courts of other states on their own statutes similar to ours; and also conforms to the rule observed in equity. In Grubb’s Appeal, 82 Pa. St., 1, it was held that it was “ indispensable aid only that was contemplated —such usual and accustomed services as the exigencies of such case should render necessary. The compensation of ■ counsel for services in the trial of contested cases was not the end in view.” In Fidelity Insurance Co’s. Appeal, 108 Pa. St., 342, it was held that: “The fees should be grad *136 uated according to the circumstances of each case, the nature and extent of the services necessarily rendered for the common benefit of all the parties in the case. It (the compensation) does not include the expenses of adversary proceedings resulting from a defense to the demand for partition, or from any other cause. ” See also the following cases: Kilgour v. Crawford, 51 Ill., 249; Stempel v. Thomas, 89 Ill., 147; Building Association v. Savings Bank, 142 Pa. St., 121; Coles v. Coles, 13 N. J. Eq., 365.
2. As to the second question: It appeared from the motion of the counsel as well as from the evidence, that he had a written agreement with Mr. Carlisle, whereby he was to be compensated for all services rendered in the matter. Carlisle was the attorney in fact of Mrs. Young; and he was to perform all the services in and about the matter for a fourth interest in the property claimed by Mrs. Young. By the agreement between Car-lisle and Russell, the rights of the latter to compensation for services rendered in his employment, must be measured and determined. He cannot have the right given him by statute for a reasonable compensation, and also, a right to compensation secured by contract for the same services. By the contract he waived his right under the statute, and must rely on it for such compensation as he is entitled to, be it much or little. This is in analogy to the principle that where there is an express contract none can be implied. To insist on compensation under the statute, would be to repudiate the contract, which he certainly cannot do. It is entirely competent to parties to make such a contract, as it contravenes no principle of public policy. The statute *137 is designed for eases in which there has been no contract. The fact that his rights under the contract were greater than they would be under the statute, and that the court did not assume to measure his rights under the contract, but, simply made an allowance under the statute, and directed it to be used as a credit on any sum that might be due him under the contract, is of.no consequence. The contract precluded the court from taking any action in the matter. It, in a summary way, had no right to assume that anything would be due the attorney under the contract. The services may not have been fully performed according to con-, tract; or may have been in part, or fully, paid. In fact, it was admitted that some $4,500 had been paid on it. Under such circumstances the court should have overruled the motion of the counsel for compensation under the statute. Where there .is a contract and the client refuses to pay what is due under it, the remedy of the attorney is in an ordinary suit upon the contract for damages, in which suit, on any issue of fact, either party is entitled to a jury.
For these reasons the order of the circuit court making an allowance to Mr. Russell for services, rendered in the proceeding is reversed, and his motion for such allowance is overruled.

Reversed.

Burket and Spear, JJ., dissent from the second proposition of the syllabus.