1. Pᴀʀᴛɪᴛɪᴏɴ—*allowance of solicitor's fees on testimony of unsworn witnesses is error.* Submitting the question of a reasonable solicitor's fee in partition to attorneys called before the court of its own motion, and basing the allowance upon their unsworn testimony, is ground for reversal.

2. Sᴀᴍᴇ—*judgment for solicitor's fee should not run in name of solicitor.* It is error, in apportioning complainant's solicitor's fee in partition, to enter judgment and order execution for the solicitor's fee in favor of the solicitor instead of complainant.

3. Sᴀᴍᴇ—*when solicitor's fees should not be apportioned in partition.* Defendants to partition should not be required to pay part of complainant's solicitor's fee, where such solicitor represented only the interests of complainant and assumed so hostile an attitude to the defendants that it was necessary for them to employ other counsel to protect their interests.

*McMullen* v. *Reynolds,* 105 Ill. App. 386, reversed.

Aᴘᴘᴇᴀʟ from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Eᴅᴡᴀʀᴅ P. Vᴀɪʟ, Judge, presiding.

This was a bill in chancery filed in the circuit court of Cook county by Elizabeth Keogh, against Mary A. McMullen, John H. McMullen, Agnes E. Ducey and William

T. McMullen, for the partition of certain real estate located in said county. An answer and replication were filed and the case was referred to a master to take proofs, and his report coming in, a decree was entered finding that Elizabeth Keogh, Mary A. McMullen, John H. McMullen and William T. McMullen were each the owners of the equal undivided one-sixth part of said real estate and that Agnes E. Ducey was the owner of the equal undivided two-sixths part of said real estate, and commissioners were appointed to divide and allot the real estate among the parties. The commissioners appraised the real estate at $72,500 and made a division and partition thereof among the parties, and filed a report of such division and allotment, which was approved and confirmed by the court, and thereupon the court fixed the solicitor's fee of Frank P. Reynolds, the complainant's solicitor, at the sum of $1999.98, and provided that each of the parties who owned a one-sixth part of the real estate should pay $333.33, and that Agnes E. Ducey, who owned the two-sixths part thereof, should pay $666.66 thereof to said Reynolds within ten days from the date of the entry of the decree, which sums were made a lien upon the shares allotted to the parties, respectively, and in default of such payment the decree provided execution should issue in favor of Reynolds, and against the several parties to the suit, for the amount found due from each of them to him. An appeal from so much of said decree as relates to the solicitor's fee was prosecuted to the Appellate Court for the First District by Mary A. McMullen, Agnes E. Ducey and William T. McMullen, where the decree of the circuit court was affirmed, and they have prosecuted a further appeal to this court.

FRANK E. MAKEEL, and THOMAS E. D. BRADLEY, for appellants.

WILLIAM SLACK, for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

It is first contended that the court considered improper evidence in fixing the amount of the solicitor's fee. The complainant called six attorneys, who testified they were engaged in the active practice of law in the county of Cook, that they were acquainted with the usual and customary fees of solicitors in partition suits in said county, and that $5000 was a reasonable solicitor's fee in said case. The defendants called four attorneys, who testified that a reasonable solicitor's fee in said case, according to the usual and customary charges made by attorneys in Cook county in such cases, in their judgment would be from $200 to $350. The judge, after hearing said testimony, expressed doubt as to what course of action he should pursue, and upon his own motion called before the court three members of the Cook county bar, and made or caused to be made to them a statement of the facts of the case,—that is, the character and extent of the services performed, the value of the real estate to be partitioned, the length of time the case had been pending, the condition of the title to the property to be divided and the number of parties to the suit,—and requested said attorneys to retire and confer together upon the subject of the amount that should be allowed as a solicitor's fee in the case, and to report their conclusions to the court. The committee so appointed retired, and after conferring together returned into court and reported that in their opinion $2000 would be a reasonable solicitor's fee. The court thereupon fixed the solicitor's fee at the sum suggested by the committee, less two cents, which amount it was necessary to eliminate from their report that the amount allowed might be apportioned equally between the parties to the suit. The gentlemen called by the court on its own motion were not sworn.

While it is the general rule in chancery cases, where the hearing is before the court without a jury, that the court will be presumed to have disregarded incompetent evidence and to have based its decision upon the competent evidence in the case, and, if there is sufficient competent evidence to support its decree, the fact that incompetent evidence has been admitted will not constitute reversible error, that rule does not apply when there is no competent evidence in the record to support the decree, and it is apparent the court did consider incompetent evidence and base its decree thereon. In other words, if it appear that the decree cannot be sustained unless incompetent evidence be considered, the decree will be reversed. (*Yarde* v. *Yarde*, 187 Ill. 636.) The evidence of the complainant was to the effect that a reasonable solicitor's fee was $5000, while that of the defendants was that a reasonable solicitor's fee would not exceed $350. In this great divergence of opinion it is apparent that the court adopted the report of the committee and incorporated the finding of the committee into its decree. This was clearly error. The court had no more power to submit for decision to the gentlemen called before it the question of the amount to be allowed as a solicitor's fee, than it would have had power to submit to the committee the question whether or not a solicitor's fee for any amount, under the law, could properly be allowed. While the court may doubtless take into consideration, in connection with the testimony offered, its own knowledge upon the subject of the value of solicitor's fees in partition and similar suits, (*Culver* v. *Allen Medical Ass.* 206 Ill. 40,) still the parties to a suit have the right to have the question determined by the court upon sworn testimony, which the court should weigh in view of its own knowledge and experience, and which testimony must be preserved in the record by a certificate of evidence to entitle a party to have the question reviewed upon appeal or writ of error; (*Goodwillie* v. *Mil-*

*limann,* 56 Ill. 523; *Albright* v. *Smith,* 68 id. 181; *Spring* v. *Collector of the City of Olney,* 78 id. 101; *Metheny* v. *Bohn,* 164 id. 495;) and parties cannot be required to submit to the determination of committees or other bodies extra-judicial in character, the amount that shall be allowed as solicitor's fees and paid by them in partition suits or other similar suits to which they are parties. The action of the court in calling before it said committee and in submitting to the committee for decision a matter which it alone had the power to determine upon sworn testimony, and the basing of its decree thereon, was reversible error.

It is next contended that it was error to enter judg-ment and order execution for the solicitor's fee in favor of the solicitor instead of the complainant. The principle is fundamental that it is erroneous to enter judgment and order execution for costs in favor of one not a party to the suit unless express authority for so doing is given by statute. (*Lilly* v. *Shaw,* 59 Ill. 72; *Wallace* v. *Espy,* 68 id. 143; 5 Ency. of Pl. & Pr. 148.) It is clear that section 40 of the Partition act, which provides that the court may apportion the costs, including a reasonable solicitor's fee, contemplates that the solicitor's fee, when allowed in that class of cases, shall be taxed like the other taxable costs in the case, and that a judgment therefor shall not be rendered in favor of the solicitor with the right to take out execution in his own name. In the *Lilly case, supra,* on page 78 it was said: "Besides the irregularities pointed out there is still another. The $1200 allowance was not made as costs taxed in the cause, but appellees were introduced as new parties into the record upon mere motion. That sum was allowed to them by name, and they would be entitled to execution in their favor if the order were allowed to stand. The order making such allowance must be reversed." In *Habberton* v. *Habberton,* 156 Ill. 444, the question presented here was not raised and that case does not sustain the position that the judgment for the solicitor's fee was properly

rendered in favor of the solicitor, with the right to have execution in his name to enforce the collection thereof. The judgment is therefore not in proper form, and under the authority of the *Lilly case* should be reversed.

It is also contended that the court erred in taxing any part of the solicitor's fee allowed in the case against the appellants,—and that is the main question presented for consideration by this appeal, as the other errors complained of will not arise on another hearing, while that question goes to the right to tax the complainant's solicitor's fee as costs in any amount and apportion the same among the parties in interest.

It appears that James McMullen died seized of a considerable estate; that he left him surviving six children, —the five heretofore named, (three of whom were non-residents of the State of Illinois,) and Alice Atkinson, who conveyed her interest in the property sought to be partitioned to her sister, Agnes E. Ducey, before the bill was filed; that a portion of the real estate of which James McMullen died seized was apportioned, by agreement, between his children, but that they were unable to agree as to a partition of the real estate covered by this bill; that the bill set out the rights and interests of all the parties in interest correctly; that the defendants, in their answer, admitted that James McMullen, deceased, the father of the complainant and defendants, died seized of the said real estate, and that the complainant was entitled to the one-sixth part thereof and to have partition thereof, and stated the defendants were willing to have their interests set off jointly, and not severally, to them. The defendants appeared by their solicitor before the master and there made the same admissions, and the report of the master was based mainly upon the admissions contained in the answer of the defendants and those of their solicitor made before the master. The real estate sought to be divided consisted of fifty acres of unimproved property occupied by a golf club as lessee, and

a block of houses located in the city of Chicago, which were occupied by fourteen tenants; that one commissioner was selected upon the suggestion of complainant and one upon the suggestion of the defendants and one by the court; that the parties at various times endeavored to agree upon the portion of the real estate that should be set off and allotted to the complainant, and with that end in view conferred with the commissioners through their solicitors, and the commissioners on one or more occasions conferred directly with the parties; that at all of said conferences Reynolds represented the complainant; that after the commissioners had agreed upon the amount which should be allotted to complainant, Reynolds endeavored to induce them to change said allotment and give to complainant a larger portion of said real estate than the commissioner had determined to allot to her or than was subsequently allotted to her.

The statute providing for the allowance of solicitor's fees in partition suits reads as follows: "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense shall recover their costs against the complainant according to equity." (Hurd's Stat. 1899, sec. 40, p. 1259.)

It is the contention of appellee that as the bill filed by the complainant properly set forth the rights and interests of all the parties in interest and no good and substantial defense to the bill was interposed by any of the defendants, the court was required by the statute to make an allowance for the reasonable solicitor's fee of the complainant and apportion the same among the

parties to the suit as costs, regardless of whether it was equitable the defendants should pay a portion of said solicitor's fee or not. We do not agree with such contention. Anterior to the passage of the act of 1889, above set forth, it had been uniformly held by this court, under statutes authorizing the court to apportion the costs in partition suits, including reasonable solicitor's fees, among the parties so that each party should pay his equitable share thereof, that no allowance could be made in a contested case where the solicitor for complainant conducted the case in a manner hostile to the defendants, and by reason thereof it was necessary for the defendants to employ counsel to protect their interests. In *Strawn* v. *Strawn*, 46 Ill. 412, the circuit court taxed as costs against the defendants their share of the sum of $3600 as a fee to the solicitors of the complainants. On page 414 the court said: "The proceeding was not an amicable one. The defendants appeared by their own solicitors, as they had the right to do, and why they should be required to assist in paying the counsel of complainants we do not perceive. Here was a great estate to be divided, and if the parties could not agree upon a division and litigation became necessary, each was entitled to have his interests protected in court by counsel of his own selection, and one party cannot, under our practice, be compelled to pay the fees of the other."

In *Kilgour* v. *Crawford*, 51 Ill. 249, the court allowed $100 as fees to the counsel for complainants and directed the same to be taxed as costs, *pro rata*, against all the parties, pursuant to the act of 1869. This court, on page 253, said: "The terms of that law are not mandatory. It merely provides that 'it shall be lawful for the court to order that a reasonable fee be allowed,' etc., the provision being restricted to proceedings in partition and the assignment of dower. Where the proceedings are amicable and the parties defendant do not deem it necessary to employ counsel to protect their interests, it is proper

that the power given by this law should be exercised, as all the parties have the benefit of the partition. But where the defendants deem it necessary to employ counsel in order to protect their interests and secure a just partition or an equitable assignment of dower, we can see no reason why they should be required not only to pay the fees of their own counsel but also a part of the fees of adverse counsel. This is not done in other legal proceedings, in some of which it might be done with much more propriety, as when, for example, a defendant is resisting the payment of an honest debt. In these partition proceedings the defendants have generally been guilty of no default or wrong. In many cases there are minor heirs or married women, which circumstance renders legal proceedings unavoidable; and even when there are not, the mere fact that the joint owners have not been able to agree upon a partition is no reason why the defendants should be made to pay the counsel of complainants. We are satisfied the act should be construed as intending the taxation of counsel fees only in cases where the proceedings are amicable."

In *Lilly* v. *Shaw, supra,* the court allowed the complainant's solicitors a fee of $1200. In disposing of that question, on page 77 of the opinion it was said: "But, aside from all other questions, the case was not within the purview of the statute of 1869. In *Kilgour* v. *Crawford,* 51 Ill. 249, it was held that the act should be construed as intending the taxation of counsel fees only in cases where the proceedings are amicable. It does not affect the question that this was begun as an amicable suit, when it immediately developed into the ordinary case of adverse parties. The court surely could not have intended to allow appellees,—two of the three solicitors who filed the petition,—the enormous sum of $1200 for merely filing the petition. If he did not, then the order is to compel appellants to pay for the services of counsel whose principal efforts were on behalf of the opposite

party and against them. It would be a novel addition to the *quantum meruit* count for professional services to go into our form books running thus: 'For the work, labor and professional services of plaintiff, as an attorney at law, done and performed as such attorney in a certain suit lately pending, etc., of A B against the said defendant, at the request of, for and in behalf of the said A B.' The principle of such a count would be precisely the same as that of the allowance in question. It no doubt has happened that the services of attorneys at law rendered upon the retainer of one party were of great value to the opposite party, but it appears from the record that the services of appellees were not of that kind. They were evidently bestowed with zeal, ability and effect against appellants. The statute in question was not designed as an instrument of injustice or to throw the rights of parties into confusion. Why are appellees any more entitled to such an allowance than the solicitors for appellants?"

In *Stunz* v. *Stunz*, 131 Ill. 210, the court allowed a solicitor's fee of $200. This court, on page 220 of the opinion, said: "It is patent upon the face of the record that the entire proceeding was conducted with unfairness toward the wards and in the interest of the widow. The proceeding, as conducted, was not an amicable suit instituted for the benefit of the wards, but was hostile to their interests. Such fees may be allowed when the suit is an amicable one, for the reason that therein the solicitors represent the interests of all the parties alike. It would be grossly unjust to compel these children to pay the fees of the solicitor of the widow, who alone represented her interest and who so conducted the proceeding as to produce the unconscionable result already indicated."

It will be observed the statute now in force provides "the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit *so that each party shall pay his or her equitable portion*

*thereof.*" It would seem clear, therefore, under the terms of the statute, if it would be inequitable for the defendants to pay any portion of the complainant's solicitor's fee, that such fee should not be taxed as costs and apportioned against them; and if it was inequitable, prior to the passage of the act of 1889, to require defendants to pay a part of complainant's solicitor's fee where the solicitor of complainant represented only the complainant's interest and assumed an attitude hostile in its character toward the defendants, whereby it became necessary for them to employ counsel in order to protect their interests and to obtain a just partition of their lands, we see no reason why the rule should be different under the act of 1889; that is, if it was inequitable, under such circumstances, to allow a solicitor's fee prior to the act of 1889, why it is not equally inequitable to allow a solicitor's fee, under such circumstances, subsequent to the passage of that act,—and such has been the holding of this court.

In *Hartwell* v. *DeVault*, 159 Ill. 325, the complainant sought to have his solicitor's fees taxed as costs and apportioned between the parties in interest. The appellant had neglected to make two of the tenants in common with her, parties defendant, and the proceedings were not amicable but were hotly contested by the parties. The court, on page 336, said: "The statute provides that in all proceedings for the partition of real estate, where the rights and interests of all the parties are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, etc.   (3 Starr & Cur. Stat. p. 935.) We have held, in regard to this statute, that where the proceedings are not amicable, and the defendants deem it necessary to employ counsel in order to protect their interests and secure a just partition or an equitable assignment of dower, they should not be required to pay the fees of adverse counsel as well as of their own counsel."

In *Metheny* v. *Bohn, supra*, on page 499 it was said: "Prior to this amendment [the amendment of 1889] it was uniformly held, under statutes which authorized the court to apportion the costs, including reasonable solicitor's fees, among the parties to the proceeding so that each party should pay his equitable portion thereof, that no allowance could be made in a contested suit where the solicitor for the complainant conducted the proceeding against the interest of the defendants and they were required to employ counsel to represent such interest. It was considered equitable that each should contribute to the fee of complainant's solicitor only in cases where he represented all interests in an amicable proceeding. By the amended section the apportionment is still to be such that each party shall only pay his or her equitable portion of the fee. * * * The section of the statute in question was considered in *Hartwell* v. *DeVault*, 159 Ill. 325, and the same rule prevailing under the former statute was re-asserted. In that case the complainant in her original bill had not stated the names and interests of all parties, but had afterward amended her bill so as to state them. This omission was connected with the fact that the proceeding was hotly contested by the parties, and the latter fact was given as one of the reasons for refusing an allowance of a solicitor's fee."

Here the parties were unable to agree upon a division of the real estate. It was valuable, and consisted of both vacant and improved property. Three of the defendants were non-residents of the State. The solicitor of the complainant was employed by her and was actively engaged in endeavoring to further her interests before the commissioners by increasing the amount of the estate which should be allotted to her, the effect of which would be to lessen the portion which would be allotted to the defendants, and endeavored to have taxed as costs a solicitor's fee of $5000, five-sixths of which he sought to have made a charge in his favor upon the estate of the

defendants. The attitude of the complainant and her solicitor toward the defendants appears to have been hostile from the commencement of the suit, and the record justifies the conclusion it was necessary for the defendants to be represented by their own counsel in order that their rights might be protected and they obtain a just partition of their lands. While in a proper case the statute permitting a solicitor's fee to be taxed as costs and apportioned among the parties in interest is a wholesome law, in many cases, if recklessly applied by the courts, it would work a great hardship. The fact an answer is filed or a frivolous defense interposed should not be allowed to defeat the operation of the statute, if the bill or petition sets forth the rights and interests of the parties correctly. (*Walker* v. *Tink*, 159 Ill. 323.) Still, when the court can see that it is necessary for the defendants to have counsel to protect their interests and to insure a just partition of their estate, and that the solicitor of the complainant represents alone the interests of the complainant, and that it would be inequitable to require the defendants to pay their own counsel and contribute toward the payment of complainant's counsel also, the court should not tax complainant's solicitor's fee as costs and apportion the same among the parties in interest in the suit.

We are of the opinion the court erred in taxing the complainant's solicitor's fee as costs and apportioning a part thereof against the defendants.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*