## Minerva P. Young et al. v. Alfred L. Jones.

### Gen. No. 12,833.

1. PARTITION—*when decree in, final; when not.* A decree in a partition proceeding which declares the titles and interests of the respective parties in the property described therein and for an accounting between the parties and proving that a reasonable solicitor's fee be apportioned among them, is final as to the titles of such parties and as to the right of the complainant to a partition, but is not final as to the accounting or the solicitor's fee.

2. PARTITION—*when allowance of solicitor's fees improper.* It is improper to allow solicitor's fees to the complainant's solicitor where the interests of the parties to the proceeding were only correctly set up after several amendments and after the defendants had employed solicitors and where it appears that the parties could not agree upon a partition and an accounting and that the employment of counsel by the defendants was necessary to the proper protection of their rights.

Partition proceeding. Appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded with directions. Opinion filed December 28, 1906.

**Statement by the Court.** This is a partition case wherein a partition of real estate was had. A decree was also entered allowing solicitor's fees to the solicitor for complainant. appellee. This appeal is from the decree allowing solicitor's fees.

It appears from the record that prior to the filing of the bill for partition there was a contention between the parties as to several matters connected with

the partition of the property and that counsel had been employed by several of the parties interested in the property.

The bill was filed by Alfred L. Jones on June 2, 1896, covering seven parcels of land, a part of which was owned by Florence Brayton Jones at her death. In one parcel she was a tenant in common with a party not an appellant herein. She had an undivided interest in the remainder of the property.

Florence Brayton Jones left her surviving her husband, Alfred L. Jones, and Sweet Brayton, her grandfather, her only heirs. Sweet Brayton died before the filing of the bill, leaving William B. Brayton and Minerva P. Young his only heirs. William B. Brayton died during the pendency of this proceeding, leaving part of appellants his only heirs.

The appearance of William B. Brayton and appellant Minerva P. Young was filed June 9, 1906.

On June 17, 1896, the bill was amended so as to claim on behalf of the complainant a homestead estate in part of real estate, and also to set up the administration of the estate of Eliza Brayton, deceased, a former owner of part of the real estate.

On July 1, 1896, the bill was again amended by setting out the occupancy of the property, and calling for an accounting between the parties as to rents received and payments made by each of them.

July 29, 1896, the answers of William B. Brayton and Minerva P. Young were filed.

On April 21, 1897, a third amendment was made to the bill correcting sundry descriptions of the real estate, and omitting ten acres from the land described in the bill, and including another block of land, and admitting Mrs. Young had a homestead in a part of the property.

The record shows that during the proceedings the solicitors of appellants and of appellee frequently consulted with reference to the proper conduct of the proceedings, and the protection thereby of the interests

of the parties. Differences arose as to the values of the different properties involved and in the selection of the commissioners to make partition.

A decree of partition was entered July 13, 1897, finding the title substantially as set forth in the bill as finally amended. The decree also provided for an accounting between the parties as to their receipts and disbursements from and on account of the property. It further provided that the costs of the proceeding, including a reasonable solicitor's fee, be apportioned among the parties according to their several interests, and that upon the confirmation of the commissioners' report the cause be referred to a master in chancery to take proof and ascertain the costs, including a reasonable solicitor's fee, and state the account.

The commissioners' report was approved December 17, 1897, and the accounting was found to have been made and satisfied and the cause was referred to a master to ascertain and fix the fees of the solicitors of the complainant and to apportion the same, together with the costs, among the parties according to their interests.

Upon the master's report being made the court entered a decree fixing the fees of complainant's solicitors at $4,000, of which appellant Young was decreed to pay $1,629.03 and the heirs of William B. Brayton $1,307.50. These are the amounts involved on this appeal. Proper objections and exceptions to the master's report were made by appellants. The exceptions were overruled by the court. Appellants prosecute this appeal from the decree for fees and costs.

HOLDEN & BUZZELL, for appellants; WILLIAM H. HOLDEN, of counsel.

KENNER S. BOREMAN and CHARLES S. BABCOCK, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The errors assigned question the allowance of any solicitors' fees against appellants in favor of appellee; the reasonableness of the fee allowed; the apportionment of the fees and costs; the imposition of the fees and costs as a lien upon the real estate of appellants, and the finding that the decree for partition was a final decree as to the allowance of solicitors' fees.

The first question presented by this record is whether the decree for partition declaring the titles and interests of the respective parties in the properties described therein, and for an accounting between the parties, and providing that a reasonable solicitor's fee be apportioned among the parties, was a final decree, or merely an interlocutory decree as to the solicitor's fee. It is contended by counsel for appellee that it was a final decree and conclusive as to complainant's right to be allowed his reasonable solicitor's fee. With this contention we cannot agree. The decree was final as to the titles of the respective parties to the properties described therein and the right of appellee to a partition. No attempt was or is made to appeal from that portion of the decree. But as to the accounting and the solicitor's fee it was not a final decree from which an appeal could have been prosecuted. It was merely an interlocutory decree as to the issues here presented. There could be no final decree as to the solicitors' fee until the coming in of the master's report with his findings upon the matters of fact involved in the question as to appellants' liability therefor. Hunter v. Hunter, 100 Ill. 519; Glos v. Clark, 199 id. 149; Brodhead v. Minges, 99 Ill. App. 439; Gage v. Eich, 56 Ill. 297. The question as to appellants' liability for the complainant's solicitor's fee is therefore open for review on this appeal from the decree fixing the amount thereof, and apportioning the same among the different parties and order-

ing them respectively to pay the portions of the same so found and determined.

It appears from the record before us that from a short time after the death of appellee's wife there was a disagreement between the parties as to matters relating to the partition, and that there were negotiations between them proceeding up to the time of the filing of the bill. The complainant was indebted to Mr. Brayton and had been collecting rents from tenants for which he had not accounted; that he desired to avoid an accounting; that complainant wanted and demanded all the property which was left by his wife, upon the ground that his wife had wished him to have it; that there was a controversy over a note or mortgage of $2,500 which the wife of complainant had agreed to pay, and therefore Mr. Brayton wished it considered as a debt of her estate. To this complainant declined to accede. Mrs. Young and Mr. Brayton were willing to make a division of the property and let complainant have the use of one-third of the property which would come to them during his lifetime for his dower, but complainant wanted his dower in money. There was a radical difference between the parties as to the values of certain pieces of property, the complainant contending for a high and speculative valuation of the farm property, with the view that by reason of the relative shares of the parties that property would be allotted to the defendants in the partition.

It was therefore only reasonable and prudent for the respective parties to consult their legal advisers. Counsel were employed on both sides of the controversy sometime before the bill was filed, and the controversy over these and other matters continued after the bill was filed and up to the entry of the decree of partition. Under this condition of affairs it is not apparent to us how the solicitor for complainant could in any sense or to any extent represent the interests of the defendants in the partition proceeding,

and as a matter of fact he did not.   Defendants were amply justified in their decision that it was necessary to employ counsel to protect their interests, because of the adverse interests of the parties and the hostile attitude of complainant to the rights and interests of the defendants.

There is no equitable basis then for the decree, apart from the statute.   The question is, therefore, whether under the statute, and the construction given to the statutes of this state upon that subject, in view of the facts shown by the record, the decree was proper.

The statute of 1869 provided that in proceedings for partition, or for assignment of dower, it should be lawful for the court to order that a reasonable solicitor's fee be allowed to the "solicitor or solicitors prosecuting," which should be taxed as costs and divided *pro rata* between the parties to the proceeding according to their respective interests.   Under this act it was held in Kilgour v. Crawford, 51 Ill. 249-253, that "where the defendants deem it necessary to employ counsel, in order to protect their interests, and secure a just partition, or an equitable assignment of dower, we can see no reason why they should be required not only to pay the fees of their own counsel, but also a part of the fees of adverse counsel.   *   *   *   We are satisfied the act should be construed as intending the taxation of counsel fees only in cases where the proceedings are amicable."   See also Lilly et al. v. Shaw et al., 59 Ill. 72, 77, 78.

By the revision of 1874 (section 40) it was provided that in proceedings for the partition of real estate the court might apportion the costs, including the reasonable solicitor's fees, among the parties to the proceeding, so that each should pay his equitable portion thereof.

By the act of 1889, the above section of the act of 1874 was amended to read as follows:

"Section 40.   In all proceedings for the partition

of real estate when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense shall recover their costs against the complainant according to equity.''

In construing this statute upon a similar question in Metheny v. Bohn, 164 Ill. 495-501, the court said: ''We think it should be construed as meaning that a defense, valid and substantial in character, made in good faith and on reasonable ground, should exempt a defendant from paying a solicitor of his adversary, not for services rendered to him, but for a hostile attack upon what he in good faith believes to be his substantial right. If the bill states the rights and interests of the parties correctly, a defense which is merely formal, frivolous or vexatious, or which is not undertaken in good faith, would not be regarded as good or substantial. The defense in this case was of a good and substantial character and was not undertaken without reasonable grounds, although it was overcome by evidence on the part of complainant and proved unsuccessful. In such case it would not be equitable for the defendant to pay a part of a solicitor's fee solely earned as his adversary.''

To the same effect in substance are the more recent cases of Gehrke v. Gehrke, 190 Ill. 166, and Bliss v. Seeley, 191 id. 477.

We conclude from the foregoing decisions that the statute does not impose upon defendants the payment of part of complainant's solicitor's fees, even if the bill in its final form does correctly state the interests of the parties, and no other defense is made save to have a just and equitable division made of the property.

Young v. Jones.

In this case the original bill did not set out correctly the interests of the parties. It did not accurately describe the property. It was amended three times before these defects were remedied, and after defendants had appeared by their solicitors. The evidence tends to show that these corrections were suggested by defendants' solicitors. An accounting was necessary and was included in an amendment. Objections were made to the selection of commissioners to make the partition, and each party stood on his legal and equitable rights to the end of the proceedings. And it does not alter the case that the decree of partition as finally entered was substantially agreed upon, for that was the result of controversy and discussion between the solicitors of the respective parties both in and out of court.

This record shows that the parties could not agree upon a partition and an accounting, and litigation became necessary or was suddenly started while the division was being discussed between the counsel for the respective parties. In our opinion each party was entitled to have his interest protected by counsel of his own selection, and the defendants ought not to be compelled to pay the counsel fees of the other. Strawn v. Strawn, 46 Ill. 414. This view of the case makes it unnecessary for us to consider the other points urged in argument.

For the reasons given the decree is reversed and the cause is remanded to the Circuit Court with directions to disallow the application or claim for an allowance of solicitor's fees to be taxed as a part of the costs of the proceedings.

*Reversed and remanded with directions.*