## Israel Tatro et al. v. John Tatro.

1. APPEALS AND ERRORS—*Errors Not Excepted to Can Not be Considered.*—Only such parts of a decree as are excepted to and appealed from can be considered on appeal, and other matters, although assigned for error and discussed in argument, need not be considered.

2. DECREES—*Evidence to Sustain—Recitals in the Decree.*—Where a party seeks to sustain a decree in his favor, he must preserve in the record, in some proper form, the evidence upon which it is based. But when the decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record showing the contrary, that the facts thus found were proved by competent evidence.

ATTORNEYS' FEES—*Two Hundred Dollars Held Proper in a Partition Suit.*—In a suit involving the partition of land among seven heirs, and the rights of dower and homestead in the widow, the court discusses the circumstances and holds that a fee of $200 is not excessive.

**Bill for Partition.**—Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

C. H. PAYSON and C. W. RAYMOND, guardian *ad litem* for Selina, Calixte and Earl S. Tatro, minors, attorneys for appellants.

MORGAN & OREBAUGH, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This is an appeal from so much of an order or decree of distribution in a partition suit, after a sale of the property, as allowed the complainant's solicitors the sum of $200 for solicitor's fees, and ordered it apportioned among appellants and four others, each to pay the one-seventh part thereof.

While numerous errors are assigned upon the record, we think only two are properly before this court for consideration, viz., the third and fourth, which challenge the action of the court in allowing solicitors' fees and ordering them

taxed as costs against appellants. This was the entire scope and extent of the appeal, no other portion of the decree being excepted to or appealed from. Hence while many other questions and objections are discussed in argument, and assigned for error, we do not deem it necessary to consider them.

Although, when the appeal was prayed for, the court allowed thirty days in which to file a certificate of the evidence, no such certificate appears in the record.

The rule is well established, that where a party seeks to sustain a decree in his favor, he must preserve in the record, in some proper form, the evidence upon which it is based. But when the decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record showing the contrary, that the facts thus found were proved by competent evidence. Jackson et al. v. Sackett et al., 146 Ill. 655. The decree appealed from contains the following recital: "The court further finds, from the evidence of witnesses duly sworn and examined in open court, that Morgan & Orebaugh are the solicitors for complainant in said cause, and that their services as such solicitors in said cause are reasonably worth the sum of $200, and that said sum is a usual and customary charge for like services." We find nothing in the record contradicting this recital. There was involved in the proceeding a partition of the land among seven heirs, and the rights of dower and homestead in the widow. The property being found not susceptible of division there was a decree of sale and the property was sold for $4,835.30. It would not seem at first blush as if the allowance for solicitor's fees was excessive, especially in view of the fact that there was a misdescription in one of the deeds constituting chain of title which was corrected in the decree.

We think there is no merit in the claim that no part of the solicitors' fees should have been taxed against appellants because the original bill filed in the cause contained an improper description of the property. An amended bill was filed in apt time correcting the description, and we can not

see that the employment of counsel by appellants was necessary to protect their rights. They got the benefit of the services of complainant's solicitors, and it would seem but right they should pay a just proportion of their fees.

From a consideration of the whole record we can not say the allowance for solicitors' fees, or its apportionment among the seven parties named, was improper or erroneous, and the decree will therefore be affirmed.