## Herbert Russell Searl, et al., v. Winifred H. Searl, et al.

### Gen. No. 4,545.

1. SOLICITOR'S FEES—*when should be apportioned in partition proceeding.* Solicitor's fees of the complainant are properly apportioned among parties to a partition proceeding where there was no substantial defense interposed; and the examination and approval by defendant's counsel of the various steps taken in the cause, together with the interrogatories of the widow concerning her dower right, none of which were in hostility to the relief sought, does not constitute such a defense.

Partition proceeding. Appeal from the Circuit Court of Stark County ; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded with directions. Opinion filed August 1, 1905.

VICTOR G. FULLER, Guardian *ad litem*, and QUINN & QUINN, for appellants.

CHARLES K. LADD and ALLEN P. MILLER, for appellees.

MR. JUSTICE FARMER delivered the opinion of the court.

This was a proceeding for partition of certain real estate and the assignment of homestead and dower therein. The widow and two minor children were complainants, and the defendants, appellees here, are two adult children of the deceased owner, by a former wife. The only question raised for decision by the assignments of error is the refusal of the trial court to apportion complainants' solicitors' fees against all the tenants in common. The master reported that complainants were entitled to have the fee apportioned, and that the proof showed $600 to be a reasonable fee. Appellees filed exceptions to this report of the master. The court sustained the exceptions and refused to apportion the solicitors' fee, and complainants below appealed.

It appears from the record that the interests of all the parties to this proceeding were correctly set up in the bill. The answer filed by defendants did not deny any of the

material allegations of the bill, and the decree was in strict conformity with its averments, no defense being interposed or attempted on the part of appellees. It further appears from the record that appellees and the widow had some personal differences prior to the commencement of this suit, and that within a few days after the death of their father, appellees left their home and had been estranged from their step-mother, the widow, since. They saw fit to employ counsel to represent them. Section 40, chapter 106, Hurd's Revised Statutes, reads: "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense shall recover their costs against the complainant, according to equity." Under the facts disclosed by this record is it equitable to apportion any portion of complainants' solicitors' fees against appellees? The rule announced by our Supreme Court is that if the defense interposed is frivolous or merely formal or vexatious, or is not made in good faith and on reasonable ground, it does not defeat the right to have the solicitor's fee apportioned among all the tenants in common. Bliss v. Seeley, 191 Ill. 461; Metheny v. Bohn, 164 Ill. 495; Walker v. Tink, 159 Ill. 323. In the case at bar there was no defense. Every step in the proceeding seems to have met with the approval of the solicitors for the defendants and bears their O. K. All appellees' counsel appear to have done, except merely to look over and approve each step taken in the proceeding, was to interrogate the widow concerning her homestead right. This was claimed in the bill, admitted in the answer and the testimony clearly showed she was entitled to it.

It is not required that the "substantial defense" men-

tioned in the statute should be sustained in order to defeat the right of complainant to have the solicitors' fee apportioned between all the parties, but the defense must be interposed in good faith or it must appear to the court that there was some substantial reason for defendants to employ counsel to look after and protect their interests. This is the substantial effect, as we understand it, of McMullen v. Reynolds, 209 Ill. 504. That case is much relied on by appellees to sustain the decree of the court in refusing to apportion the solicitors' fee. We do not understand that case to go to the extent of holding that defendants in a partition suit, where the bill correctly describes the real estate and the interests of all the parties, may, by employing counsel and without making any defense whatever, defeat the right of complainants to have the solicitors' fee apportioned according to the statute. In the McMullen case the tenants in common, by agreement, partitioned among themselves a portion of the real estate, but were unable to agree upon a division of the remainder of it, and one of them filed a bill for partition. The bill correctly set out the interests of the parties in the premises, and defendants answered admitting complainant was entitled to the interest she claimed in her bill and to have partition thereof. They also claimed in their answer that they were willing to have their interests set off to them jointly, and appeared before the master by counsel and requested that this be done. When the commissioners were appointed to make partition, one of them was selected at the suggestion of complainant, one at the suggestion of defendants, and one was the selection of the court. There were numerous conferences between the parties and their respective solicitors and some with the commissioners, in an endeavor to agree upon the portion of the premises to be set off to complainant. It appears she was anxious to secure the largest amount of the real estate she could, and even after the commissioners had agreed on what they should allot to her, her counsel endeavored to induce them to give her a larger portion than they had decided to give her, or than was subsequently alloted

to her.  In disallowing an apportionment of solicitors' fees, the court say: "While in a proper case the statute permitting a solicitor's fee to be taxed as costs and apportioned among the parties in interest is a wholesome law, in many cases, if recklessly applied by the courts, it would work a great hardship.  The fact an answer is filed or a frivolous defense interposed should not be allowed to defeat the operation of the statute, if the bill or petition sets forth the rights and interests of the parties correctly.  Still, when the court can see that it is necessary for the defendants to have counsel to protect their interests and to insure a just partition of their estate, and that the solicitor of the complainant represents alone the interests of the complainant, and that it would be inequitable to require the defendants to pay their own counsel and contribute towards the payment of complainant's counsel also, the court should not tax complainant's solicitor's fee as costs and apportion the same among the parties in interest in the suit."  This record discloses no step taken by complainants in the whole proceeding that was hostile or unfair to appellees.  No attempt was made by any of the complainants in the bill to secure any advantage of appellees or any right or share in the premises, except that described and mentioned in the bill.  In that respect this record differs materially from the McMullen case.  No necessity can be seen from this record for appellees employing counsel to protect their interests, as they were never attacked nor threatened.  To render the suit amicable in the sense that will defeat the right to apportion the solicitors' fees, it is not sufficient merely that there may be some ill feeling existing between complainants and defendants, but there must be something attempted or sought by the complainants which the defendants question or object to.  It may be thought prudent and the exercise of good business judgment where the personal relations are such as existed between the complainants and defendants in this case, for defendants to employ counsel to see that the proceedings are regular and no advantage taken or sought; but this would not justify a court in refusing to apportion

the solicitors' fee, unless, as said in the McMullen case, "The court can see that it is necessary for the defendants to have counsel to protect their interests and to insure a just partition of their estate, and that the solicitor of the complainant represents alone the interests of the complainant." Where the solicitor for the complainant fairly and honestly represents the interests of all the parties in the premises sought to be partitioned, there is no necessity for defendants employing counsel. If, notwithstanding there is no necessity for it, defendants should conclude it would be wise to have their own counsel watch the proceedings, we see no hardship in their being required to pay counsel so employed by them, in addition to their proportion of the fee of the solicitor for complainant. Such employment requires but little labor of counsel, and services in such case are usually rendered for small compensation.

We are of opinion the court erred in denying an apportionment of complainants' solicitors' fees among all the parties in interest in the suit in accordance with the report of the master, and to that extent the decree is reversed and the cause remanded, with instructions to the Circuit Court to enter a decree in accordance with the views herein expressed.

*Reversed and remanded with directions.*