## Noah B. McNemar et al., Plaintiffs in Error, v. Christian J. W. McNemar et al., Defendants in Error.

1. ATTORNEY AND CLIENT—*rule of constructive knowledge.* Knowledge by the client of facts affecting litigation is equivalent to knowledge upon the part of his attorney.

2. PARTITION—*when allowance of solicitor's fees properly denied.* If no decree could have been properly rendered by the court based upon the allegations of the original bill alone, then an allowance of solicitor's fees should not be made.

3. PARTITION—*when statute authorizing allowance of solicitor's fees does not apply.* The statutory provision authorizing the allowance of solicitor's fees in partition proceedings upon certain conditions prevailing, has no application in favor of parties who joined in the original bill by supplemental bill.

Partition. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908. Rehearing denied May 21, 1908.

THOMAS W. TIPTON, for plaintiffs in error.

WELTY, STERLING & WHITMORE, for defendants in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was a proceeding in partition instituted in McLean county to divide the lands of one Mary McNemar, deceased, among her heirs at law. In the final disposition of the case the trial court refused to allow any solicitor's fees to be taxed as costs, and from that order refusing to allow such fee this appeal was taken.

It appears from the evidence that Thomas W. Tipton, attorney at law, was employed by one Eva O. Dodson, one of the heirs of said Mary McNemar, deceased, to file a bill for partition of the premises involved and he, acting under the instructions of said Dodson, filed a bill on the twenty-sixth day of September, 1905, in the McLean county circuit court; that at the time the bill was filed and prior thereto there were pending negotiations between Christian J. W. McNemar, the surviving husband of said Mary McNemar, deceased, and Esta E. Patton and others, heirs of the said Mary McNemar, for the sale of the interest of said Patton et al. in the premises sought to be divided to said Christian J. W. McNemar; that a deed in proper form for the conveyance of the interest of the grantors therein in said premises to said Christian J. W. McNemar had been prepared on September 4, 1905, and was signed and acknowledged by a part of such grantors on the same day; that such deed was presented to said Eva O. Dodson for her signature, when she refused to sell her interest in said lands and declined to sign the deed; that at the time the deed was presented to her for her signature and prior to the filing of the bill it had already been signed by Esta E. Patton and several others of the heirs of said Mary McNemar, deceased, and they had received payment therefor from said Christian J. W. McNemar; that said Eva O. Dodson knew that some of her brothers and sisters had sold their interest in said premises to Christian J. W. McNemar and had signed a deed therefor and that two of them had acknowledged the same

prior to the time she filed the bill for partition in this proceeding.

With this knowledge upon her part she presented her bill for partition in which she alleged that the title rested in herself, her brothers and sisters in equal shares, subject to the dower rights of said Christian J. W. McNemar, without alleging anything in regard to the sale made by said other heirs to their father and with no reference whatever to the making of said deed, not even by those who had received payment for the sale of their interest in said premises and who had already acknowledged the deed therefor. Answer to such bill was filed by said Christian J. W. McNemar, also a cross-bill was filed by him, in which the rights of the parties were specifically set forth as above outlined. Afterward a supplemental bill was filed by Eva O. Dodson in which it was alleged that since the filing of the original bill such deed from said other heirs of said Mary McNemar (except Harriet Lock) to said Christian McNemar had been executed and delivered and that as to said Harriet Lock, while she had accepted payment of consideration therefor, she had not acknowledged such deed to Christian J. W. McNemar.

The master in chancery who took and reported the evidence in the case, together with his findings, reported to the court that he found at the time of the filing of the original bill the said deed, while it had not been filed of record, was being circulated among the heirs of said Mary McNemar for their signature and had been presented to said complainant, Eva O. Dodson, for her signature, having on it, at that time, the signature of two of the heirs properly acknowledged by them and being on that day signed by another of the heirs, Harriet Lock, in the presence of said Dodson, but not acknowledged by her.

The court, also, in its decree found that on September 4, 1905, said deed to Christian J. W. McNemar had been signed by said three of the said heirs of said Mary McNemar when it was tendered to her (complain-

ant) and she refused to sign it. These findings of the master and the court are not, in our opinion, against the weight of the evidence, but instead are fully in accord therewith.

While it may be true that Thomas W. Tipton, solicitor for said Eva O. Dodson, knew nothing whatever of the existence of any deed from a part of the heirs of Mary McNemar to Christian J. W. McNemar conveying their interest to him in the premises involved in the proceeding, at the time the original bill was filed, yet since his client had full knowledge of the situation existing as to the title when she filed her bill for partition on September 26, 1905, that knowledge upon her part would be, in law, knowledge upon the part of her solicitor.

Section 40 of the act relating to partition of real estate provides that in partition proceedings the court shall apportion the costs, including the reasonable solicitor's fees, among the parties interested in the suit, so that each party shall pay his or her equitable portion thereof, unless a good and substantial defense be interposed, when the rights and interests of all the parties in interest are properly set forth in the petition or bill.

The allowance of solicitor's fees in such a proceeding can be made only where the court rendering the decree can find that the interests of the parties were correctly set up in the petition or bill and can render a decree in substantial conformity with the allegations of the bill. Jeperson v. Mech, 213 Ill. 488.

In the case at bar no decree could have been properly rendered by the court based upon the allegations of the original bill or petition alone. It was only after an answer thereto had been filed followed by a cross-bill and supplemental bill setting up and bringing to the attention of the court the matters necessary to a finding of the rights of the respective parties in interest, that the pleadings were in such shape that the court could render such a decree, as was right and

proper, to establish and determine the rights of all parties concerned.

Nor was it proper to allow solicitor's fees to some other of the parties to said original bill who became complainants in a supplemental bill, and the court committed no error in refusing to allow such fee. In Gehrke v. Gehrke, 190 Ill. 166, it is said that statutes which impose costs are penal in their character and are to be construed strictly. In that case a widow filed a petition for assignment of dower and one of the heirs to the estate involved filed a cross-bill praying for the assignment of dower and also for partition of the property among the heirs. The court there held that no allowance for solicitor's fees could be taxed against the widow. We fail to see how, under the statute, any solicitor's fees could be taxed as costs in this proceeding.

The decree of the trial court was right and is affirmed.

*Affirmed.*