DETERMINED IN THE ·

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

Frank Sanford, Appellee, v. Edward H. Sanford, Appellant.

### Gen. No. 5263.

1. PARTITION—*what does not render allowance of complainant's solicitor's fees erroneous.* Failure of the complainant to make parties defendants who appear to have a cloud upon the real estate sought to be partitioned will not defeat the complainant's right to an allowance of a solicitor's fee where upon such parties being made defendants by cross-bill it appeared that their claims were not valid.

2. PARTITION—*removal of clouds.* The removal of clouds in a partition proceeding is incidental to the main relief sought and parties claiming interest adverse to the fee may be joined or not as at the time may seem expedient.

3. PARTITION—*propriety of allowance of cost of abstract of title.* The cost of abstracts used by the complainant's solicitor in preparing his bill and offered without objection in connection with the sale of the real estate involved may properly be allowed as costs to the complainant.

4. STREETS AND ALLEYS— *what dedication not effective.* A dedication by plat not in compliance with the statute is ineffective and an offer to dedicate not followed by acceptance is insufficient to give rise to a common law dedication.

5. DOWER—*when widow not entitled to.* A widow is not entitled to dower in real estate which in the lifetime of her husband was held by him in trust for others.

6.′ APPEALS AND ERRORS—*relief accorded where appellee unnecessarily encumbers record.* If an appellee has unnecessarily encumbered the record which is filed on appeal, the additional cost occasioned by such course will be taxed against such appellee.

350

Sanford v. Sanford, 157 Ill. App. 350.

Bill for partition. Appeal from the Circuit Court of Grundy county; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 18, 1910.

J. S. Dudley, for appellant.

C. F. Hanson, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Edward H. Sanford and Frank Sanford were each owners of an undivided one-half of lots 11 to 18, inclusive, in block 3 in Gould's addition to Morris, and said lots were in one compact body, wherein was one dwelling house and other buildings, constituting the homestead of their father, Edward Sanford, now deceased, during his lifetime. Said Edward H. and Frank Sanford, and their brother, William G. Sanford, each owned an undivided one-third of lot 10 in block 7, in Canal Trustees' addition to Morris. All this real estate was in Grundy county, Illinois. Frank Sanford filed a bill against Edward H. and William G. Sanford for a partition of said premises. A decree for partition was entered, commissioners were appointed, who reported the premises incapable of subdivision, and there was a master's sale, at which Frank bought the last named lot for $1,000 and the other lots and certain fixtures hereinafter referred to for $16,150. The sale was confirmed. A petition was filed for the allowance of solicitor's fees to complainant. Much testimony was heard. Seven hundred and seventy-five dollars was allowed to complainant as a solicitor's fee and $83 was allowed to him for abstracts of the property procured by him before the bill was filed. The same was ordered paid out of the proceeds of the sale. Edward H. Sanford appeals from those allowances.

The answer and the cross bill filed by appellant did not claim that the bill in any respect failed to properly set out the rights and interests of all the parties in interest. The decree finds the rights and interests of all the parties in interest to be as they are set forth in the bill of complaint. No appeal was taken from that decree, nor is it now contended

that the decree was erroneous in so finding. What appellant contends is that there were certain apparent defects in the title of the parties to the premises, and that the bill should have made the parties having those apparent interests defendants and should have asked to have the clouds removed. Appellant set up those supposed defects in his answer and in his cross bill and brought in those parties, and it turned out that they had no claim. The main defect which would appear of record was that between lot 14 on the west and the rear of lots 15, 16, 17 and 18 on the east the plat showed a strip 14 feet wide, which apparently had been originally laid out for an alley, though not named such on the plat. It is conceded that this plat was not so executed as to constitute a statutory dedication. It was only an offer to make a common law dedication. It was filed for record in 1866; the alley was never opened; the offer to dedicate it was never accepted by the city of Morris; and the dwelling house occupied by the father of the parties as the family residence for many years prior to and until his death, stood directly across the alleged alley. The plat as to said alley therefore has never been effective. Not being a statutory plat, a conveyance of the lots on each side would convey all of the alley, and therefore a description of the lots on each side included the alley in the description. Appellant contended that the line of the fence which had stood on the west side of lot 11 was slightly in on said lot, and that the buildings on lot 10 west thereof, stood slightly on said lot 11. The owners thereof disclaimed any right in lot 11. It turned out that an outhouse stood eighteen inches on lot 11 and that the eaves of a dwelling house on lot 10 projected very slightly over the true line. Appellant also contended that from the record one would conclude that the wife of William G. Sanford had a dower interest in an undivided two-thirds of said lot 10 in block 7. William had bought the premises for himself and his brothers at a sale and was trustee for them as to two-thirds of the lot, and a few days later deeded to each of them one-third. His wife had no dower in the property so held by him in trust,

and was not a necessary party to the partition of the other one-third. Davis v. Lang, 153 Ill. 175.

Section 39 of the Partition Act permits clouds to be removed from title in a partition proceeding, but it does not require that that shall be done. Section 40, relating to the allowance of a solicitor's fee, does not require that the clouds upon the title shall be stated and removed in order to entitle complainant to an allowance of a solicitor's fee. That is a mere incident which may be brought into a partition suit if any owner desires, but it is not an essential part of it. Stollard v. Nycum, 240 Ill. 472. Sometimes it may be very advisable and desirable that the clouds should be removed, and sometimes it would be unwise to invite litigation on those subjects. It is obvious here that the city of Morris never could assert the right to have an alley opened between these premises, and that the slight encroachments upon lot 11 by the owners of the property west thereof were of the most trivial character. We think it a reasonable deduction from this record that the obstacles interposed by appellant in the court below were not because his interests were not properly served by the bill, but to prevent his brother from obtaining a solicitor's fee. He filed lengthy exceptions to the answer of appellee to his cross bill. He filed numerous exceptions to the master's report as to the facts. He filed objections to the commissioner's report, most of which were of a technical character. He supported these by two affidavits by himself, in which he set up the existence of various fixtures in the house and barn, such as a range, mantels, gas chandeliers, marble washbasins in the bath room, and many other like articles, and also that there was hay in the barn, which had been there for two years, and certain loose lumber on the premises, and insisted that the commissioners should have reported whether they treated these articles as real estate in valuing the premises. Appellee consented to humor appellant in these contentions, and the decree described and provided specifically for the sale of many articles which were undoubtedly a part of the real estate and of some articles which undoubtedly were not. We are of opinion that the

rights and interests of all the parties were properly set forth in the bill; that the record does not disclose that any attempt was made by appellee to secure any advantage of appellant; that the case was so conducted as to entitle appellee to the allowance of a solicitor's fee; and that he ought not to be defeated therein by the fact that appellant chose to resurrect and remove slight clouds upon the title.

The sum allowed was large, but the labors of appellee's solicitor were made very much greater by the constant objections and opposition needlessly and uselessly interposed by appellant (who is himself a lawyer), and by his solicitor, and we conclude that we ought not to disturb the allowance of solicitor's fees. There were three abstracts on different parts of the property and they were very lengthy and involved. It is not claimed that the price charged for them was unreasonable. After appellee's solicitor had drawn and filed the bill, he delivered the abstracts to appellant's solicitor and the latter used them in connection with the plat of the homestead property in preparing for the hearing. They were used in proving title. At the master's sale, in the presence of all the owners, the master stated that the abstracts would be delivered to the purchaser of the property. We think it fair to assume that a person would bid more for such real estate if he knew that he was to be furnished with abstracts than if he were left to procure them himself. We think that in such a case, where the abstracts have been used by the solicitor for the opposite party in preparing his pleadings and at the trial, and have been offered for sale with the land in the presence of all the owners and without any objection by them, and where they presumably have been included in the accepted bid, we ought not to disturb an order requiring that they be paid for out of the money realized from the sale.

Appellee offered in evidence these three abstracts, and they were admitted over the objection and exception of appellant. They were offered to show the amount of labor expended by the solicitors in preparing to file the bill. We are of opinion that they were no more competent evidence for

that purpose than would be the printed brief and argument of a lawyer in a suit for his fees, or a house in a suit by the builder for his compensation. They did no harm, except that they greatly encumber the record. They occupy about one hundred and twenty-five pages of the record in single-spaced typewritten lines. Appellant should not have been compelled to be at the expense of bringing these abstracts to this court. We think we should not reverse for the error in admitting them, but that appellant should have relief therefrom in the judgment for costs in this court. One-third of the cost of the record will be adjudged against appellee and all other costs of this court will be adjudged against appellant.

The order is therefore affirmed.

*Affirmed.*