FRANK W. WILSON, Appellee, *vs.* CHARLES W. WILSON *et al.* Appellants.

*Opinion filed February 20, 1913.*

PARTITION—*it is error to proceed to decree without making parties the tenants in possession.* A bill for partition should set out the interests of tenants in possession of the land and make them parties, and if the answer and the evidence disclose that there are tenants in possession who have not been made parties and whose interests are not disclosed, it is error to proceed to a final decree without making them parties.

APPEAL from the Circuit Court of Clay county; the Hon. ALBERT M. ROSE, Judge, presiding.

GEORGE I. DANKS, and ULYSSES S. SCHWARTZ, for appellants.

JAMES H. SMITH, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

William Wilson died in 1893, leaving a will disposing of all of his personal property and certain described real estate. At the time of his death he left him surviving a widow and nine children and two step-children. Frank W. Wilson, one of the sons of William Wilson, filed a bill for the partition of certain portions of the real estate, alleging that he was a part owner of the premises in common with William, Robert and Charles Wilson, brothers of the full blood, and Elizabeth Barton, Ellen Charlot, Mary Tookey, Henrietta Voesta and Emma F. Spurlin, sisters of the full blood, who were made defendants to said bill. Afterwards Sarah Wheatley and Maria Burton, sisters of the half blood, were joined as parties. A cross-bill was filed but afterwards dismissed upon demurrer. An answer filed to the original bill denied that the interests of the parties were correctly stated in said bill, and also denied the allegation that there were no other persons who had any interest in

the premises, and set out the names of certain persons who were tenants in possession of the premises and the name of the executor of the will of the widow of William Wilson, and alleged that he was in possession, as executor, of certain portions of the premises and claimed some interest therein. The cause was referred to a master in chancery, who heard the evidence. His report of the testimony shows that the lands in question were occupied by Fred Wheatley and Charles Voesta, as tenants in possession of part or all of the land; that Fred Wheatley lived in the house on the place, and that Voesta was in possession of certain other portions of the farm lands, which he was using for pasture of stock. The character of the interests or claims that these parties in possession have is not disclosed by the evidence. These tenants in possession were not made parties to the bill. A decree for partition was entered in accordance with the prayer of the original bill, and the defendants have appealed.

Without reference to the merits of the controversy it was error for the court to proceed to a final decree until all persons having any interest in the premises, in possession or otherwise, were brought before the court. This question was set at rest in this State by the decision of this court in *Wachter* v. *Doerr*, 210 Ill. 242. That was a partition proceeding, and certain persons who were tenants in possession were not made parties, and there, as here, both the answer and the evidence disclosed the absence of necessary parties, and the decree was reversed because of the omission of necessary parties. We see no way of avoiding the same result here. The bill in this case should have set forth whatever right, title and interest the parties in possession had and made them parties to the bill, so that the court could adjust the equities of all parties having any interest in the common property.

The decree of the circuit court of Clay county is reversed and the cause remanded.

*Reversed and remanded.*