## Henry Mahlmann, Appellee, v. Louise Mahlmann et al., Appellants.

### Gen. No. 25,151.

1. PARTITION, § 116*—*costs when suit is amicable.* Partition suit *held* substantially an amicable one so as to justify the apportionment of costs under Partition Act, sec. 40 (J. & A. ¶ 8353).

2. PARTITION, § 118*—*when substantial defense not interposed so as to affect costs.* Defendants in partition *held* not to have interposed a substantial defense so as to prevent the apportionment of costs under Partition Act, sec. 40·(J. & A. ¶ 8353).

3. PARTITION, § 117*—*costs where bill sets up interests of parties.* Failure of complainant in partition to set up in his original bill a trust deed given by him does not prevent the application of Partition Act, sec. 40 (J. & A. ¶ 8353), providing for the apportionment of the costs where the "rights and interests of all the parties in interest are properly set forth in the petition or bill," where, after the filing of defendants' answer setting up the omission, complainant filed an amended bill alleging the existence of the trust deed, and the answers to the original bill were ordered to stand to the bill as amended.

4. PARTITION, § 122*—*when solicitor's fee not excessive.* The allowance of solicitor's fee of $1,200 *held* not excessive in a suit for partition.

5. EQUITY, § 399*—*fees of master for sale of property.* Under Rev. St. ch. 53, sec. 20 (J. & A. ¶ 5621), providing that "in no suit or other proceeding shall such fee and commission exceed two hundred dollars," where several pieces of property are sold in one suit or proceeding, the fees of the master are limited to $200, notwithstanding the fact that the properties are sold separately and at different times.

6. EQUITY, § 404*—*when master's fee reasonable.* Master's fee of $100 for preparing "report with recommendations as to distribution, including two days devoted to hearing arguments of counsel and considering authorities cited by counsel," *held* reasonable.

7. EQUITY, § 402*—*when master's charge sufficiently itemized.* Master's charge "for preparing this report with recommendations as to distribution, including two days devoted to hearing arguments of counsel and considering authorities cited by counsel," *held* sufficiently itemized.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mahlmann•v. Mahlmann, 218 Ill. App. 216.

Appeal from the Circuit Court of Cook county; the Hon. FRED-ERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed in part, reversed in part and remanded. Opinion filed April 30, 1920. Rehearing denied May 13, 1920.

DAVID A. OREBAUGH and HARRY T. ASPERN, for appellants.

A. W. EHRHARDT, for appellee; JOHN T. MURRAY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On November 11, 1918, in a partition suit, an order of distribution was entered by the circuit court of Cook county. The defendants jointly and severally prayed an appeal "from that portion of the order entered herein on November 11, 1918, overruling the objections and exceptions of said defendants to the master's report, * * * and from that portion of said order allowing and directing the distribution of $1,200 as complainant's solicitor's fees." The appeal was allowed and has been duly perfected.

On November 23, 1917, the complainant, Henry Mahlmann, a son and heir of Frederick Mahlmann, deceased, filed a bill against his sisters and certain other defendants for partition of a sixty-acre farm in Cook county, Illinois, a lot with a twelve-room house thereon, known as 1021 N. Sacramento avenue, Chicago, and a lot with a three-apartment flat building thereon, known as 3343 W. Division street, Chicago; or, if not susceptible of partition, that said real estate be sold and the proceeds divided according to the several interests. The defendants' interests in the properties were set forth in the bill with substantial correctness, but the bill failed to refer to a trust deed covering all three properties and given by complainant to secure

his note for $270 held by one Henry Utpatel. The defendant heirs filed their joint and several answer, in which they averred among other things the execution of the Utpatel trust deed and that Henry Utpatel was a necessary party. Shortly thereafter complainant obtained leave to amend his bill, and did amend it, by setting up the Utpatel trust deed and making Henry Utpatel an additional party defendant. Utpatel filed an answer, and on February 20, 1918, it was ordered, without objection, that the answers of all the defendants to the original bill stand as their answers to the bill as amended, and that the cause, being at issue, be referred to a master in chancery to take proofs, etc. A decree of partition was entered on March 22, 1918, finding the interests of the parties, including Utpatel, to be as alleged in the bill as amended, and appointing commissioners, and ordering that the accounting as to the rents from the properties and the question of the allowance of solicitor's fees to the solicitor for the complainant be disposed of after the coming in of the master's report of sale, or, if no sale be had, after the coming in of the report of the commissioners. The commissioners reported that a partition of the three properties could not be made without manifest prejudice to the parties in interest, and on April 18, 1918, a decree of sale was entered. On April 26, 1918, the master sold the Sacramento avenue property to Joseph Rushkewicz for $7,000, and on May 29, 1918, the master sold the farm property to Henry Goede for $13,500, and on the same day he sold the Division street property to August Wilhelm for $4,325. His reports of these sales were ordered confirmed by the court.

On October 17, 1918, the master filed his final report, showing the total sum received by him as the proceeds of said sales to be $24,825, and recommending, among other items of disbursements, the following:

"Amount of solicitor's fees allowed complainant for the services of his solicitor, based on finding hereinafter made and on testimony herewith returned,  $1,500

"Commissions on sale to Rushkewicz  108

"Commissions on sale to August Wilhelm  66.37

"Commissions on sale to Henry Goede  200.00

"For preparing this report with recommendations as to distribution, including two days devoted to hearing arguments of counsel and considering authorities cited by counsel  100.

"The master reports that objection was made by counsel for co-tenants other than complainant, Henry Mahlmann, to the allowance of any amount as solicitor's fees to complainant for the services of his solicitor in this proceeding.  *  *  *  The master finds that complainant is entitled to an allowance for solicitor's fees because the master finds that no substantial defense was interposed by the co-defendants *  *  *.  Based on the evidence herewith returned, the master finds that the sum of $1,500 is a reasonable sum to be allowed complainant for the services of his solicitor, and that such would be the usual and customary charge of solicitors in Cook County, Illinois, for like services.  The master further reports that the accounting as to rents was made out of court, without the assistance of the master, and is not, therefore, stated in this report.  *  *  *  Objections filed under separate cover; same considered and overruled."

The objections to said report were ordered to stand as exceptions before the court.  After argument on the exceptions the court ordered that the $1,500 allowed by the master as complainant's solicitor's fee be reduced to $1,200, but in all other particulars the exceptions were overruled.

It is contended by counsel for appellants (1) that the record does not disclose this to be a proper case for the allowance of any solicitor's fee to the complainant; (2) that the commissions allowed on the sales are in excess of those authorized by the statute; and

(3) that the fees charged for preparing the report with recommendations as to distribution, hearing arguments of counsel and considering authorities are not properly itemized and are excessive.

As to the first contention, it is argued that all the interests of the parties were not correctly set up in the original bill; in that the Utpatel trust deed was not mentioned therein, and that the suit, as disclosed from the facts and circumstances in evidence, was not an amicable one.

Section 40 of the Partition Act (J. & A. ¶ 8353) provides:

"In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense shall recover their costs against the complainant according to equity."

We think that, under the facts and circumstances disclosed in this record, the suit was substantially an amicable one and that no substantial defense to the relief sought was interposed by any of the defendants; that it was proper to allow to the complainant a solicitor's fee; and that the amount of $1,200 allowed by the court for such fee was reasonable. The rights and interests of all parties in interest were properly set forth in the petition or bill *as amended,* and, without objection, it was ordered that the answers of all the defendants to the original bill should stand as their answers to the bill as amended. (See, *Habberton v. Habberton,* 156 Ill. 444, 446; *Fread v. Hoag,* 132 Ill. App. 233, 239; *Tatro v. Tatro,* 74 Ill. App. 189, 190;

*Searl v. Searl,* 122 Ill. App. 129, 131; *Stollard v. Nycum,* 240 Ill. 472, 475.)

As to the second contention, the argument is that under the statute the charge for commissions on all of the three sales mentioned in the master's report should not exceed $200. As to fees of masters in chancery, it is provided in section 20 of chapter 53 of the Illinois Statutes (J. & A. ¶ 5621), in part as follows: "* * * For making sales and deeds thereon, the same fees and allowances as sheriffs; but in no suit or other proceeding shall such fee and commission exceed two hundred dollars. * * *"'. As to fees of sheriffs in counties of the third class, it is in part provided in section 53 of said chapter (Hurd's Rev. St. 1917, J. & A. ¶ 5662) : "* * * In addition to the above fees, there shall be allowed to the sheriff a commission of three per centum on all sales of real and personal estate which shall be made by virtue of any execution or any decree of a court of chancery, where the money arising from such sales shall not exceed two hundred dollars, and in all cases where the amount of such sale shall exceed $200, three per centum on the first $200 and 1½ per cent on the balance shall be allowed. * * *"

It appears that in the present suit or proceeding a partition was asked of three separate parcels of real estate, that three separate sales were made by the master, and that the master charged commissions on each sale, which aggregated the sum of $374.37. The commissions on the sale of the farm property to Henry Goede for $13,500, figured at the above rates, would amount to a sum in excess of $200, but the master only charged $200, thereby seemingly in part recognizing the $200 limitation contained in section 20 of chapter 53. The master also charged commissions, figured at the rates mentioned in section 53 of chapter 53, on the several amounts realized from the sales to Joseph Rushkewicz and August Wilhelm. He evidently did this on the theory he was entitled to commissions on

each sale, but that on no one sale should his commissions exceed the sum of $200. Counsel for appellants argue that the amount charged by the master for commissions on the three sales made in this suit or proceeding is excessive to the extent of $174.37, by reason of the limitation contained in the statute. While it is stated therein that masters in. chancery are entitled to the same fees and allowances as sheriffs "for making sales and deeds thereon," and while sheriffs, in counties of the third class, by section 53 are allowed commissions at certain rates mentioned "on all sales of real and personal estate," there is the limitation in section 20, as to masters in chancery, that "in no suit or other proceeding shall such fee and commission exceed two hundred dollars." Our attention has not been called to any decision of our Supreme Court bearing on the question here presented and we have found none. The three separate sales in the present case were made in one suit or proceeding and we are of the opinion that, under the statute, no more than $200 can properly be charged by the master, as his commissions, notwithstanding the fact that the properties were sold separately and at different times.

As to the master's charge of $100 "for preparing this report with recommendations as to distribution, including two days devoted to hearing arguments of counsel and considering authorities cited by counsel," it is contended by counsel that the same is not properly itemized and is excessive. It is provided in said section 20 of chapter 53 of the statutes that "in counties of the third class, masters in chancery may receive for examining questions in issue referred to them, and reporting conclusions thereon * * * such compensation as the court may deem just." Under the facts and circumstances disclosed we think that the charge is reasonable and just. This appears to have been the opinion of the chancellor on the hearing of the exceptions. Furthermore, we think that the charge

is sufficiently itemized. (*Wirzbicky v. Dranicki*, 235 Ill. 106, 114.)

For the reasons indicated the order of the circuit court is affirmed, except as to the allowances to the master in chancery for commissions of $108 on the sale to Joseph Rushkewicz and for commissions of $66.37 on the sale to August Wilhelm, and as to those allowances the order is reversed, and the cause is remanded. The parties will each pay one-half of the costs in this court.

*Affirmed in part, reversed in part and remanded.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE BARNES concur.