**William Schwartz, Plaintiff-Appellee, v. Emanuel Schwartz et al., Defendant-Appellant.**

**Gen. No. 10,590.**

Opinion filed April 4, 1952. Released for publication April 18, 1952.

A. F. BEAUBIEN, of Waukegan, for appellant.

HALL, MEYER & VAN DEUSEN, of Waukegan, for appellee; ALBERT L. HALL, of Waukegan, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

In March 1945, William Schwartz filed his petition in the circuit court of Lake county to partition certain real estate described therein, being business properties in Waukegan. The petition alleged that he was the owner of an undivided one-third thereof and his brother, Emanuel Schwartz, was the owner of the remaining two-thirds. On the same day he filed in the same court another suit for the partition of other business properties of which he owned an undivided two-ninths interest, another brother, Jacob X. Schwartz,

owned an undivided one-third interest, and the said Emanuel Schwartz owned an undivided four-ninths interest. The complaints in both cases made the tenants and holders of mortgages on the real estate involved parties defendant. The defendants either answered or were defaulted, and counterclaims for accountings were filed and accountings had. The cases proceeded in the usual manner, and sales were had as decreed.

At the sales held by the Master in Chancery on October 31, 1947, Emanuel Schwartz became the purchaser of all the properties involved for $340,500: the sales and the master's reports thereof were duly approved and a distribution of the proceeds of the sale ordered. Thereafter, both suits were consolidated, and, upon a motion asking the court to determine and allow fees to the attorneys representing the plaintiff in each case and to tax the same as costs, a hearing was had resulting in a finding and order that the rights and interests of all parties in interest in both suits were correctly set forth in the respective complaints; that no good or substantial defense thereto was interposed by any of the defendants, and that $1,900 is a reasonable sum for the services rendered by plaintiff's attorneys in one case, and that $1,939.95 is a reasonable sum for the services rendered by said attorneys in the other case. The decree directed these sums to be taxed as costs and provided that the plaintiff, William Schwartz, have and recover of Emanuel Schwartz his proportionate share, being $2,128.86, and awarded an execution to the plaintiff in default of payment of said amount so found due. The court also rendered judgment in favor of Emanuel Schwartz and against William Schwartz for $75.83, being "in full of the net rents collected by William Schwartz on the buildings he managed as against rents collected on the building that Emanuel Schwartz managed." To reverse this order, the record is brought to this court by the appeal of Emanuel Schwartz.

■ Counsel for appellant recognizes that in all proceedings for the partition of real estate when no substantial defense is interposed and the rights and interests of all the parties in interest are properly set forth in the complaint, it is the approved practice in this state for the court to apportion the costs, including the reasonable solicitor's fee, among the parties in interest, so that each party shall pay his or her equitable portion thereof. The statute so provides. (Ill. Rev. Stat. 1951, sec. 68, chap. 106) [Jones Ill. Stats. Ann. 109.490 (28).] Counsel cite and quote from the case of *Hynes v. Jennings,* 262 Ill. 268, where *the court* says (p. 276) : "The rule to be deduced from the decisions is, that when the bill correctly sets up the rights and interests of the parties, and the suit is an amicable one, the statute authorizes the taxing of a fee; but where the complainant's attitude towards the defendants is hostile, so that defendants are required to employ counsel to protect their interests, it would be inequitable to make them also pay complainant's solicitor." Appellant insists that the instant proceeding is a special case and presents an unusual situation, and his counsel argues that the record shows that this is not in any sense an amicable proceeding; that these brothers have been battling in and out of court for years; that a malicious prosecution suit had been instituted by William against Emanuel (*Schwartz v. Schwartz,* 285 Ill. App. 560) ; that on a couple of occasions Emanuel sued and obtained judgments against his brother William; that the allowance of attorney fees raises the question of what is equitable and that to decide this, the court should take into account the values involved, the titles to be acquired, the necessity of guiding the issues and proceedings to a decree, the relationship of the parties, their attitudes toward each other, the relationship of plaintiff's attorney to the plaintiff and plaintiff's relationship to the property involved. Counsel suggests that the record discloses that the attorney

for appellee had a prejudiced view of appellant and that considering the bitterness between the brothers and the relationship between the plaintiff's attorney and the plaintiff, it would have been absurd for Emanuel not to have his interests protected throughout the case by his attorney who would see to it that the decree finally entered made for a good sale, one safe for any buyer including appellant. Under these circumstances, conclude counsel, Emanuel Schwartz would have been a fool not to have employed counsel and should not now be compelled to pay his opponent's attorney fees.

In support of this argument counsel for appellant cite and quote from *Kilgour v. Crawford,* 51 Ill. 249; *McMullen v. Reynolds,* 209 Ill. 504; and *Harrison v. Kamp,* 403 Ill. 542. In the first cited case (*Kilgour v. Crawford,* 51 Ill. 249) at p. 253 it is said: ''Where the proceedings are amicable and the parties defendant do not deem it necessary to employ counsel to protect their interests, it is proper that the power given by this law should be exercised, as all the parties have the benefits of the partition. But where the defendants deem it necessary to employ counsel, in order to protect their interests, and secure a just partition, or an equitable assignment of dower, we can see no reason why they should be required not only to pay the fees of their own counsel, but also a part of the fees of adverse counsel.'' In *McMullen v. Reynolds,* 209 Ill. 504 (at p. 516), the court said: ''when the court can see that it is necessary for the defendants to have counsel to protect their interests and to insure a just partition of their estate, and that the solicitor of the complainant represents alone the interests of the complainant, and that it would be inequitable to require the defendants to pay their own counsel and contribute toward the payment of complainant's counsel also, the court should not tax complainant's solicitor's fee as costs and apportion the same among the parties in interest in the

424

suit.'' In *Harrison v. Kamp,* 403 Ill. 542 at page 547, the court said: ''The theory of section 40 of the Partition Act is to allow the apportionment of solicitors' fees against all parties in interest only where it is unnecessary for the defendants, or some of them, to employ counsel to protect their interests in the land. (*Habberton v. Habberton,* 156 Ill. 444.) It is essential that the conduct of the solicitor for the parties seeking partition be fair and impartial to all the parties in interest.''

Counsel for appellee concede that the foregoing cases correctly state the law and that attorney fees will not be allowed and taxed as costs where it would be inequitable to do so. Counsel state that because these brothers have had considerable litigation it does not follow that it would be inequitable to allow attorney fees. The record does not show that there was any bitterness displayed upon the trial of this cause nor was any effort made by counsel for the plaintiff to take any advantage of defendant in any way during the course of this proceeding. The original complaints set forth the rights and interests of the parties correctly. No substantial defense was interposed. It is true that counsel for defendant did file a motion to strike in each case. In one case the motion raised the point that the complaint prayed that the properties be sold free of any interest of defendant, and the defendant stated that this was erroneous because the defendant, as a part owner of an adjoining building had a right-of-way over a nine-foot strip of the premises described in this complaint. In both cases the motions to strike stated that detailed information was not given as to the term of the lease and the rental paid by each tenant of the several properties. Neither motion was ever acted upon by the court, and answers and a counterclaim for an accounting was filed. Every tenant was a party to the proceedings and were subsequently defaulted and

425

the decree which was entered set forth the interest of each tenant. The answers admitted substantially every allegation of the complaints and the parties stipulated everything upon the hearing.

What is said in *Dunshee v. Dunshee,* 179 Ill. App. 290, is applicable here: (p. 295) "Though it may be thought prudent where the personal relations of the parties are unfriendly for defendants to employ counsel to see that the proceedings are regular and no advantage taken or sought, this would not justify a court in refusing to apportion the solicitor's fee. 'Where the solicitor for complainant fairly and honestly represents the interests of all the parties in the premises sought to be partitioned, there is no necessity for defendants employing counsel. If, notwithstanding there is no necessity for it, defendants should conclude it would be wise to have their own counsel watch the proceedings, we see no hardship in their being required to pay counsel so employed by them, in addition to their proportion of the fee of the solicitor for complainant. *Searl v. Searl,* 122 Ill. App. 129.' " There was no error in apportioning the attorney fees.

The decree found that appellant, upon the day of the sale, had in his possession, $12,483.74 collected for rents from tenants of the Ingalls building, and that appellee was entitled to one-third thereof or $4,161.24; that appellee had in his possession the sum of $3,544.27 collected by him as rentals from the Yager building, two-thirds of which, or $2,362.85, was due appellant; that appellee also had on hand $4,217.01, representing all rents, less disbursements made, from the Coon building; that appellant is entitled to receive four-ninths thereof, or $1,874.22. These several amounts due appellant from appellee, viz.:—$2,362.85 and $1,874.22, aggregate $4,237.07. The difference between this sum and the amount due appellee from appellant, $4,161.24, is $75.83, and a money decree was rendered in appellant's favor for this sum of $75.83.

426

Appellant insists that this part of the decree is erroneous and that the chancellor should have found that there was $319.15 due him from appellee. The record shows that upon the hearing of this cause it was stipulated that appellant handled the collection of the rents from the building involved in this proceeding, and known as the Ingalls building, and that appellee managed and collected the rents from the Yager and Coon buildings. It also appears that on January 3, 1935, Jacob Schwartz advanced $330 and William Schwartz advanced $220 to the Old Line Life Insurance Company of Milwaukee which had a mortgage on the Coon building. The reason why this money was advanced was because there was not sufficient money in this building account to pay the interest due November 19, 1934, inasmuch as a portion of this building was vacant from 1930 until 1935. It further appears that there was a prior accounting suit, but Jacob Schwartz was not a party thereto.

What appellant complains of here is that upon the accounting in the instant proceeding the court found in the accounting on the Coon building that the amount appellee had on hand was said sum of $4,217.01, whereas the court should have found that it was $550 more than that, or $4,767.01. What appellee did was to take credit for the $220 which he advanced on January 3, 1935, to pay the interest to the Old Line Life Insurance Company and also took credit for the $330 advanced by his brother, Jacob Schwartz. It nowhere appears that appellee ever repaid Jacob this sum, and the record here shows that Jacob Schwartz had conveyed his interest in this property on April 10, 1945, to his wife, Clarissa, and on April 16, 1945, Clarissa filed her counterclaim herein which alleged she had been the wife of Jacob Schwartz since March 16, 1920; that she was then the owner of the one-third interest in this property which formerly had belonged to her husband, Jacob, and that he had assigned to her any moneys that

427

might be distributable from the receipts of said building. This counterclaim alleged that her husband advanced to appellee on January 3, 1935, $330 to be used in payment of interest on the Old Line Life Insurance Company mortgage and prayed for an accounting.

It is true, as counsel for appellee state, that there is no contention on the part of appellant that appellee did not advance $220 to take care of the past due interest or that Jacob Schwartz did not advance $330 for a like purpose representing his then share in the premises, but the record here shows that in the previous accounting suit a decree was rendered on December 6, 1944, which found that there "was due William Schwartz from Emanuel Schwartz for over disbursement on the Coon account (4/9 of $1833.06) $814.96." Jacob Schwartz was not a party to the previous accounting suit, but appellee was, and that decree concluded the parties thereto up to the time of its rendition. Jacob Schwartz and his wife, Clarissa, were both parties to the instant suit, but they were both dismissed out.

In our opinion upon this record appellee was not entitled to credit for the amount of $330 which Jacob advanced for the payment of interest on January 3, 1935, and we think appellee was precluded by the former proceeding from claiming credit for the $220 which he advanced for the same purpose at the same time. It follows, therefore, that the contention of appellant with reference to the accounting should be sustained.

That portion of the decree which renders a money judgment in favor of appellant and against appellee for $75.83 is modified by striking out the amount of $75.83 and inserting in lieu thereof the amount of $319.15, and, as so modified, said decree is affirmed.

*Decree modified and affirmed.*