Fidelia O'Malley, Appellee, v. Edwin K. Walker et al.,
Defendants, Maud G. Gardner, Appellant.

Gen. No. 46,360.

First District, Second Division.
February 15, 1955.
Released for publication March 7, 1955.

Lawrence A. Jacobson, of Chicago, for appellant; Louis Hershman, of Chicago, of counsel.

John J. Enright, of Chicago, for appellee; Eckert, Peterson & Lowry, Owen Rall, and Herbert C. Loth, Jr., all of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

Defendant Maud G. Gardner appeals from an order entered in an action for partition apportioning as costs among all parties a charge of $2,000 made by Chicago Title & Trust Company for procuring evidence of title,

and a fee of $5,000 to plaintiff's attorney for his services in the preparation and prosecution of the action.

The present action was originally brought on behalf of plaintiff's decedent, John H. O'Malley. His attorney was Hylan J. Brown. The complaint named as defendants the appellant, executrix of the estate of Sarah Walker, deceased, trustee under her will and one of the beneficiaries; the other beneficiaries, one of whom, Edwin K. Walker, had been adjudged incompetent; C. Wylie Allen, conservator of his estate; and tenants in possession. The complaint alleged an undivided half interest in fee to nineteen parcels of real estate in each of the principal parties, John H. O'Malley and Maud G. Gardner. It contained the usual prayer for partition or for sale of the properties in the event partition could not be made without manifest injustice to the parties. Appellant and the conservator, C. Wylie Allen, filed motions to strike the complaint. Grounds alleged were that the complaint failed to make as parties defendants all of the necessary parties to the proceedings, failed to allege properly the interests of the parties, failed to provide for the sale or disposition of the dower or homestead of any of the parties, and failed, finally, to disclose properly the interest in the parcels of Edwin K. Walker, the incompetent. The court sustained both motions. An amended complaint was then filed, and thereafter the conservator filed a second motion to strike the amended complaint on the ground, among several alleged, that the incompetent's interest was still not properly set up. This motion, too, was sustained.

Thereafter, plaintiff Fidelia O'Malley filed an affidavit suggesting the death of her decedent, John H. O'Malley, and as his executrix filed her petition to be substituted as the party plaintiff. The court granted her petition. Hylan J. Brown by leave of court withdrew as attorney and John J. Enright was substituted as the attorney for Fidelia O'Malley. An amended and supplemental complaint was filed which properly

joined all necessary parties defendants and set up the interests of all parties. Answers were filed and thereafter the court entered a decree for partition. Defendant Maud G. Gardner then filed her motion to vacate the decree, for leave to file an amended answer and for reference to a master in chancery of certain claims against the plaintiff and John H. O'Malley. The court granted the motion to file an amended answer nunc pro tunc as of the day of the entry of the partition decree and denied the motion to vacate the decree. Subsequently, the commissioners' report finding an equitable division impracticable, the court entered a decree for sale of nineteen parcels of real estate. At the time this appeal was filed, fifteen had been sold. A petition for the allowance of attorney fees was filed by plaintiff's attorney, John J. Enright, and after a hearing upon the petition, the court entered the order apportioning as costs among the parties plaintiff's attorney's fee, and Chicago Title & Trust Company expenses of procuring evidence of title, from which defendant Maud G. Gardner appeals.

To sustain the entry of the order apportioning as costs among the parties her attorney's fee, plaintiff contends it was a proper exercise of the court's discretion. The cases of DeMartini v. DeMartini, 385 Ill. 128, 138, and Stombaugh v. Morey, 328 Ill. App. 397 (Abst. Dec.), which she cites, state that there is no technical rule governing the exact apportionment of costs in such cases. The court is only required to equitably apportion the costs.

Apportionment of costs in partition proceedings is governed by statute. Harrison v. Kamp, 403 Ill. 542, 546. Section 25 of the Partition Act, Ill. Rev. Stats. 1953, ch. 106, par. 68 [Jones Ill. Stats. Ann. 109.490(28)], reads:

"In all proceedings for the partition of real estate, when the rights and interests of all parties in interest

559

are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the suit, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, shall interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to equity."

The theory of this section "is to allow the apportionment of solicitors' fees against all parties in interest only where it is unnecessary for the defendants, or some of them, to employ counsel to protect their interests in the land. (Habberton v. Habberton, 156 Ill. 444.) It is essential that the conduct of the solicitor for the parties seeking partition be fair and impartial to all the parties in interest. (McMullen v. Reynolds, 209 Ill. 504.)" Harrison v. Kamp, supra, at 547.

The particular set of circumstances under which courts will deem it to have been necessary for defendant to employ counsel, numerous cases attest, is not always clear. It has been held that where a defendant's rights would have received complete protection even had he been defaulted, the fact that the original complaint did not set out every interest properly or was otherwise faulty and is amended and corrected will not bar apportionment of complainant's solicitor's fee. Tatro v. Tatro, 74 Ill. App. 189; Fread v. Hoag, 132 Ill. App. 233; Cashen v. Cashen, 171 Ill. App. 101; Dunshee v. Dunshee, 179 Ill. App. 290; see also Shippert v. Shippert, 371 Ill. 267; and cf. McNemar v. McNemar, 143 Ill. App. 184, 187. Also where the particular error is not substantial or the answer otherwise produces facts beyond the ken of the complainant and

560

the complaint is amended to correct the defect, apportionment is not barred. Mehan v. Mehan, 203 Ill. 180; Stollard v. Nycum, 240 Ill. 472; Mahlmann v. Mahlmann, 218 Ill. App. 216. The relations between the parties may not be friendly or amicable, and it may be that the proceedings are hotly contested; yet if the complaint joins all necessary parties, properly sets up the interests of all the parties and no substantial defense is made to the proceedings, apportionment of costs is allowed. Searl v. Searl, 122 Ill. App. 129; Sanford v. Sanford, 157 Ill. App. 350; Schwartz v. Schwartz, 346 Ill. App. 420. In DeMartini v. DeMartini, supra, cited by plaintiff, the complaint properly made all necessary parties defendants and set out the various rights and interests of the parties. Defendant asserted her right to the entire parcel of real estate upon a consideration inadequate in equity, and sufficient only to sustain her right to that portion of the real estate which she had wanted, knew she was getting and for which she had paid. Other elements in that case indicate the lack of a meritorious defense. In Stombaugh v. Morey, supra, also cited by plaintiff, the complaint was correct in every particular. A contest arose between two defendants upon the cross-complaint of one of them in which complainant was not involved, did not participate and which was the result of nothing she had done or failed to do.

■ ■ Partition proceedings are adversary. They are res adjudicata and not, except in extraordinary circumstances, subject to collateral attack. Berry v. Egan, 291 Ill. 377; Katz v. Berkos, 316 Ill. App. 569. In either case of collateral or direct attack the remedy is expensive. Confronted with a complaint containing a prayer that the court allow plaintiff reasonable solicitor's fees, determination by a defendant whether to employ counsel may be a difficult one for him to make. His relationship to the plaintiff may be based upon the merest

acquaintance. Or upon nothing more than their common ownership. Or again relations between them may be something less than amicable, if not actually hostile. The value of the properties involved in the proceedings, the expenses, costs and other factors involved, may be substantial. The question for a defendant becomes which expense shall he risk: shall he employ counsel and have to pay his counsel's fees that his rights may be protected, or shall he risk the loss of valuable rights and pay only his pro rata share of plaintiff's attorney's fees?

This dilemma confronting a defendant in these situations did not exist at common law. By statute it is now impressed upon him. A penalty is now imposed by law for his exercise of bad judgment. For these reasons the statute is strictly construed and the penalty not lightly or recklessly imposed. Gehrke v. Gehrke, 190 Ill. 166; McMullen v. Reynolds, supra, at 516; and cf. Goudy v. Mayberry, 272 Ill. 54; Galpin v. City of Chicago, 249 Ill. 554. If his doubt appears reasonable, if there exists between the parties an honest difference of opinion, apportionment of plaintiff's solicitor's fees will not be allowed. Jones v. Young, 228 Ill. 374. Plaintiff owes defendant a duty to establish his right to partition, to join all necessary parties as defendants and to set up the interests of all parties properly. Ill. Rev. Stats. 1953, ch. 106, secs. 44–46, 48, 68 [Jones Ill. Stats. Ann. 109.490(4)–109.490(6), 109.490(8), 109.490(28)].

In the instant case relations between defendant and plaintiff's decedent and defendant and plaintiff, while not hostile, have been something less than amicable. Plaintiff's decedent took a "very determined attitude" in proceeding with the action. Of course, he had the right to proceed with such an action. Numerous negotiations between defendant and decedent before the proceedings, afterward between defendant, her counsel and decedent's counsel to realize an equi-

table partition of the properties without costly litigation, failed to materialize. Defendant had plaintiff's decedent cited in her own decedent's probate proceedings to account for rents in the approximate sum of $2,100 allegedly owing her decedent's estate. Plaintiff's decedent instituted the present proceedings sometime thereafter. Defendant has reasserted the identical claim against plaintiff. The answers also alleged waste committed by the decedent. A hearing upon the claim for rent was reserved by the court and, apparently, is still pending. The original and amended complaints did not state a cause of action. This was admitted by decedent's counsel and is admitted by plaintiff's counsel. It was only after answers had been filed to the original and amended complaints bringing to the attention of the court the matters necessary to a finding of the rights of the respective parties in interest, that the amended and supplemental complaint overcoming all objections was filed and the pleadings were in such shape that the court could render a decree as was correct and proper to establish and determine the rights of all parties concerned. McNemar v. McNemar, 143 Ill. App. 184, 187–8. Correction of these omissions and errors was essential for the protection of the property owners, the principal parties to the proceedings, and of the purchasers at the sales. No decree could have properly been rendered by the court based upon the allegations of the original and amended complaints. Wachter v. Doerr, 210 Ill. 242, 244; Wilson v. Wilson, 257 Ill. 296; Winemiller v. Mossberger, 355 Ill. 145, 159; Jordan v. McGrew, 400 Ill. 275, 286–7; and cf. Blyman v. Shelby Loan & Trust Co., 382 Ill. 415, 420–1.

After plaintiff was substituted in her decedent's stead, she made a motion for receiver. This motion was contested by defendant. It was continued generally by the court and as a result no receiver was appointed. This expense was saved. It benefited all parties. The

record reveals that the expenses incurred by all parties to these proceedings already reach a very substantial sum.

 Plaintiff contends that because her amended and supplemental complaint was proper, her decedent's mistakes should not be considered hers. She was his widow and sole devisee of the property under his will. She had the right to file a separate complaint for partition. Instead she elected to petition the court to allow her substitution in this case. The court allowed it. As a result she filed her amended and supplemental complaint in her own individual right as well as in her right as decedent's executrix. She thus stepped into the shoes of the original plaintiff. If we were to grant her contention we would in effect be wiping the slate clean of the errors previously committed and would ignore the expenses incurred by the defendant and the cestui que trustent. This is not a desirable result. (Cf. Masters v. Smythe, 342 Ill. App. 185, 191.) We see no difference in equity between the debts of her decedent and his mistakes of law. The latter when she elected to proceed in this action must also be held an incident of her inheritance. (Cf. Hill v. Reno, 112 Ill. 154, 165; McNemar v. McNemar, supra.)

In our examination of the decisions of the courts of this State we have found no instance in which attorney fees were allowed to plaintiff under circumstances such as prevailed in this action. We, therefore, conclude that the entry by the trial court of the order apportioning as costs among the parties the plaintiff's solicitor's fees was an abuse of discretion.

 Defendant makes complaint that $2,000, Chicago Title & Trust Company expense of procuring evidence of title, ought not to have been apportioned among the parties. This was a necessary expense and benefited all parties. Nor is there any evidence that it was excessive. Defendant's contention on this point is without merit.

564

The order of the trial court allowing plaintiff attorney's fees in the sum of $5,000 is reversed and the cause remanded with directions to the trial court to enter an order denying plaintiff attorney's fees. The order of the trial court allowing $2,000, the expense of procuring title, is affirmed.

Order reversed in part and affirmed in part and cause remanded with directions.

McCORMICK, P. J., took no part.

SCHWARTZ, J., concurs.